### HAMILTON & COMPANY *et al. v.* STEWART.

The ruling of the court upon the admission of evidence was not erroneous. The evidence demanded a finding in favor of the defendants, and it was error to grant a new trial in the case.

Argued June 16, — Decided July 25, 1899.

Complaint.    Before Judge Harris.    City court of Floyd county.    October 10, 1898.

*Wright & Hamilton,* for plaintiffs in error.
*Fouche & Fouche,* contra.

COBB, J.    When this case was here before (105 *Ga*. 300), it was held that the court below erred in directing a verdict in favor of the plaintiff; it being then ruled that a letter written by the defendants to the plaintiff, in which was inclosed a statement of his account with them and a check to

cover a balance which this statement showed to be due him, requesting that certain notes, which were included in the statement, be cancelled and sent to them, was a proposition of settlement on the terms stated in the letter; and that the collection of the check and the retention of the proceeds by the plaintiff would, after the lapse of a reasonable time, raise a conclusive presumption of the acceptance of the proposition contained in the letter. When the case came on for trial the second time, the evidence for the defendants in support of the plea of settlement was substantially the same as on the former trial; it appearing from the same that a letter dated February 15, 1894, had been written by defendants to plaintiff, in which was inclosed a statement of the account and a check to cover the balance due plaintiff as shown by the statement, requesting that plaintiff cancel certain notes held by him against defendants and return them to defendants. Also, a letter of March 12, calling attention to the fact that no reply had been received to the letter above referred to. Also, the testimony of the two defendants, to the effect that no reply had been received to the letters, but that the check inclosed in the first letter had been indorsed by the plaintiff and paid by the bank upon which it was drawn, and returned to the defendants as a cancelled check. On the second trial the evidence in rebuttal introduced by the plaintiff was, in substance, as follows : J. E. Stewart testified that he was a son of the plaintiff, and went into business with him at Spring Garden, Alabama, in January, 1894; that the letter of February 15, 1894, from the defendants, was received and by his father's direction he credited the check on the larger note, indorsed and sent it forward for collection, and wrote in reply to the letter of March 12 that the notes were not settled. He was very positive that he answered this letter. He directed the letter written by him to the defendants at Rome, Georgia, and mailed it. The substance of the letter was, that something like two months before defendants had sent a check for the amount referred to, claiming that it was a full settlement and asking that their notes be cancelled and sent to them, and the reason for not complying with their request was that the notes were not paid in full. He

nev.er heard any more from the defendants after he wrote this
letter.    He is not positive that he replied to the letter of Feb-
ruary 15; thought that he did, but did not remember the con-
tents.    The reply to the letter of March 12 was simply that the
notes were not paid off, and the reply was made the day the
letter was received.    The check was cashed February 16.    The
only letters written were the two just referred to.    The plain-
tiff testified that when he received the letter of February 15,
he had the check credited on the note and wrote the defendants
that the notes were not paid and that he could not return them
unless they were paid off.    Both letters were answered.    He
saw the answers written.    In the answers an·offer was made to
credit the note with the amount of the check.    He had a con-
versation with the defendant Blount Hamilton, two or three
weeks later, in which Hamilton asked him why he had not re-
turned the notes, and he told him that they were not paid off
and he could not return them until they were settled.    He also
had a conversation with the defendant Alfred Hamilton, shortly
before the check was received,_in which he made claim upon
him for the whole note.    Hamilton did not say whether he
would or would not pay the whole note, but plaintiff went
away and Hamilton told him that he would send a check in a
day or two.    Plaintiff left under the impression that he would
send check for the whole amount of the note.    In the conversa-
tion had with Blount Hamilton no demand was made for a
return of the amount of the check.    Plaintiff's son writes his
letters and has authority to sign his name to the same.

The court directed the jury to return a verdict for the de-
fendants.    The plaintiff made a motion for a new trial, upon
the general grounds, and upon the grounds that the court erred
in directing a verdict, and in excluding evidence offered by the
plaintiff to the effect that nine hundred dollars in the account
against plaintiff was due on a cotton-future transaction which
the defendant Alfred Hamilton had attended to for him, and
that while the same was in progress plaintiff expressed dissat-
isfaction with the way it was being managed and desired to·
withdraw from the same, when Alfred Hamilton said to him :
"No, I am tending to that.    Let it run; you mustn't touch

that. I will run that out, and you shan't lose nothing. If I don't make it back I will lose it;" that his understanding was· that Alfred Hamilton was not to make any claim against him on account of the losses in the cotton-future transaction; that the nine hundred dollars in the account was for advances made at different times for losses on these contracts for future delivery of cotton, and that was the item he objected to and refused to allow. The judge passed an order granting a new trial, upon the ground that he erred in directing a verdict and in excluding the evidence referred to in the motion for a new trial.

When the case was here before, the only question then left open to be determined at another trial, if the evidence was substantially the same, was whether the time that elapsed between the date of the receipt of the letter of February 15 from the defendants and the time objection was made to the terms of settlement therein offered, shown to be a few months before the present suit was filed, was such an unreasonable time for the plaintiff to wait without communicating his objections to the proposition submitted by the defendants that they would have a right to presume that the proposition contained in the letter had been accepted. Upon the trial now under consideration the evidence was not exactly the same as it was at the former trial, and it becomes necessary to deal with the case made by the present record. The defendants claimed that the plaintiff was indebted to them on an account. They admitted that they were indebted to the plaintiff on two notes. They testified that no objection was ever made by the plaintiff to the proposition contained in the letter of February 15, by letter or otherwise, and that no reply was ever received to the letter of March 12. In reply to this plaintiff contends that he promptly replied by letters duly posted, the substance of each reply being that he· could not accept the check inclosed in the letter of February 15, except as a credit on the note. He testified that in a conversation with one of the defendants, shortly after the letters· had been received, the defendant asked him why he had not returned the notes, and the plaintiff replied, because they were not paid. There was no evidence whatever showing that the· plaintiff offered in the letter claimed to have been written by·

him to return the check, or that he offered to return the amount of the check in the conversation with one of the defendants above referred to, nor was there ever at any time any offer to return either the check or the proceeds. The defendants testified that the letters claimed to have been written to them by plaintiff were never received by them. Under the ruling made when the case was here before, the letter of February 15 amounted to a proposition of settlement upon the terms therein stated, and placed upon the plaintiff the duty of accepting or rejecting that proposition. If he accepted it he had no further claim upon the defendants. In order to reject it, it was necessary that he should return the check or its proceeds within a reasonable time. The plaintiff's evidence showing that letters were written and duly mailed, properly addressed to the defendants, in which he refused to accept the proposition contained in the letters written by defendants to plaintiff, the presumption would be that these letters were received, but this presumption is not conclusive, and it is entirely overcome by the uncontradicted evidence of the defendant that such letters were never received. 1 Jones, Ev. § 46, and cases cited; Ault *v.* Loan Ass'n, 47 Pac. (Wash.) 13; McDermott *v.* Jackson, 72 N. W. (Wis.) 375 (8). So that, even if the letter repudiating the proposition without a return of the check or an offer to return the proceeds of the same could relieve the plaintiff from the effect of the acceptance of the check, the evidence demanded a finding that such letter had not been received. When the attention of the plaintiff was called, by the conversation with one of the defendants, to the fact that they were insisting on the settlement offered in the letter of February 15, it was incumbent upon him, when he repudiated such settlement at that time, to have offered to return the proceeds of the check which he had collected previously to that date, and the failure to return the same or to offer to do so within a reasonable time thereafter could be properly construed by the defendants as indicating that the plaintiff accepted the check in accordance with the proposition contained in the letter referred to. The plaintiff having retained the proceeds of the check until the account of the defendants became barred by the statute of limita-

tions, and at no time, not even up to the date of the last trial, having offered to return the same and restore the status as it was prior to February 15, 1894, he will be held to have accepted the proposition contained in the letter of that date. It follows that the plea of the defendants was a good defense to the action, and under the evidence no other verdict than the one rendered was authorized. The court therefore erred in granting a new trial in the case, unless some error of law was committed which required it. The only error assigned in the motion for a new trial, other than that already dealt with, is the rejection of the evidence referred to above. The plaintiff and defendants having made a settlement of the different matters of account between them in the manner hereinbefore indicated, and such settlement being a bar to any action by the plaintiff against the defendants, it was immaterial in the present case what was the consideration of the defendants' claim against the plaintiff, and also whether before such settlement the plaintiff could have pleaded that the defendants had released him from liability on such claim. The evidence was therefore properly rejected as irrelevant and immaterial.

*Judgment reversed. All the Justices concurring.*