### 2662.  BROUSSARD v. BRANDENBERG.

1. It was not error to dismiss the appeal. The appellant selected the United States mail as his agency to transmit the appeal and bond. If these papers had reached the post-office of the justice of the peace in such time that in ordinary course, if he had not been away from home, they could have been delivered to him before the expiration of the four days allowed for entering an appeal, the appellant could not be charged with his absence; but the papers did not reach their destination until after the fourth day had expired.

2. The decision upon the point of law involved is controlled by the ruling of the Supreme Court in *Griffith* v. *Mitchell*, 117 *Ga.* 476. The facts in the case at bar are dissimilar to those in *Harvey* v. *Allen*, 94 *Ga.* 454, in the fact that in the *Harvey* case the appeal papers reached in due time the post-office of the officer with whom they should have been filed.

DECIDED FEBRUARY 15, 1911.

Appeal; from Coweta superior court—Judge Freeman.  March 11, 1910.

*H. A. Allen, W. C. Wright,* for plaintiff in error.

*H. A. Hall, T. F. Rawls,* contra.

RUSSELL, J.  The point involved in this case is whether the judge of the superior court erred in dismissing an appeal. Broussard at-tempted to appeal from the judgment of a justice's court in a suit on a promissory note. The case was tried on Monday, December 6, and judgment was entered that day in favor of Brandenberg. On the morning of December 10 Broussard's attorney told the justice of the peace, over the telephone, that he had mailed to him an appeal in the Broussard-Brandenberg case, and a check for the costs. The justice told the attorney that he expected to leave home that day. It was in evidence that there was a train that carried mail passing through Senoia, where the attorney lived, at 9.30 o'clock a. m., that should reach Haralson, the post-office of the justice of the peace, not

later than 10 o'clock on the same day. The attorney for the appellant testified that he mailed the appeal on the morning of December 10, 1909, and that Haralson is only six miles from Senoia, where the appeal was mailed. As appears from the bill of exceptions, the justice of the peace did not even tell the appellant's counsel that he would consider the appeal filed as of December 10, or that it was in time and would be all right. The only reply he made to the attorney's statement that he had mailed the appeal was, "All right." The justice further testified that he went to the post-office in the afternoon of December 10 and called for his mail, but did not receive the appeal. His docket was put in evidence and disclosed the following entry upon the subject: "Appealed to the superior court; costs paid by plaintiff; appeal and bond mailed on December 10th, received and filed December 11th, 1909. [Signed] Benj. Taylor, J. P." The justice preserved the envelope in which the appeal papers were received, and it was put in evidence. On the front side the postmark was: "Senoia, Georgia, December 10, 6 p. m., 1909;" and on the reverse side, "Haralson, Georgia, December 11, 6 a. m., 1909."

Omitting all of the evidence except the postmarks, we think the judge of the superior court properly dismissed the appeal. When a case is tried in a justice's court and the losing party desires to appeal, he must enter the appeal within four days from the rendition of the judgment complained of. The judgment in this case was rendered on December 6, and the appeal bond did not reach the justice of the peace for filing, as shown by the envelope in which the bond was transmitted, until December 11. If the justice had instructed the appellant to forward the appeal by mail, and the opposite party had agreed that it should be transmitted in this way, the case might be different, but the mail was the means and agency selected by the appellant himself to carry the appeal. If the appellant's agent for any reason fails to perform his duty, the fault is chargeable to the principal, and inures to the benefit of the opposite party. The ruling in this case is controlled by the decision in *Griffith* v. *Mitchell,* 117 *Ga.* 476-480 (43 S. E. 742). And see *Norrell* v. *Morrison,* 99 *Ga.* 317 (25 S. E. 700). Counsel for plaintiff in error attempt to analogize this case to that of *Harvey* v. *Allen,* 94 *Ga.* 454 (19 S. E. 246). In *Griffith* v. *Mitchell,* supra, the Supreme Court announced that the ruling in *Harvey* v. *Allen*

would not be extended: but, regardless of this, the essential fact in the *Harvey* case (which we think was properly decided) was that the appeal papers reached the post-office of the ordinary within the four days allowed by law. In this case the papers did not reach the post-office of the justice of the peace until the fifth day, and were too late. When Harvey selected the mail as the medium to transmit his papers he took the risk, just as Broussard did in this case. The same principle applies to both of them. In *Harvey's* case the United States mail promptly carried the papers to the ordinary's post-office. He happened to be away from home and in Atlanta. The appellant would not have found him if he had gone to Eatonton in person with his appeal bond in his hand, instead of sending it by mail. The ordinary's daughter received the appeal papers from the post-office within the four days, in ample time for the appeal to have been filed if the ordinary had been at home, and as the ordinary did not return from Atlanta until two days after the time for filing the appeal had passed, Harvey could only have left the papers with the ordinary's family if he had carried them to Eatonton in person. In the present case the justice of the peace went to the post-office to get the appeal papers on the afternoon of the fourth day. If they had been transmitted to his post-office the day they were deposited in the Haralson post-office they would have been delivered to him in ample time, but the postmark upon the envelope, taken in connection with the other testimony, shows that the agent which the appellant selected did not do his duty, or the appeal papers would have reached Haralson before they did on the morning of December 11, and could have been delivered to the justice upon the afternoon of the 10th, and have been filed by him in time. There was no error in dismissing the appeal.

*Judgment affirmed.*