### 3438.   CASSEL & SISTER *v.* RANDALL.

HILL, C. J. Where the plaintiff's evidence shows that letters were written and duly mailed, properly addressed to the defendant, a presumption arises that they were received. This presumption is rebuttable, and is entirely overcome by the uncontradicted evidence of the defendant that the letters were never received. *Hamilton* v. *Stewart*, 108 *Ga.* 476 (34 S. E. 123), and citations.

2. The duty of the landlord to make repairs does not arise until he has knowledge of defects. The tenant, being in possession, must notify the

landlord of the need for repairs. *Dougherty* v. *Taylor & Norton Co.*, 5 *Ga. App.* 776 (63 S. E. 928) ; *Ocean Steamship Co.* v. *Hamilton*, 112 *Ga.* 901 (38 S. E. 204) ; *White* v. *Montgomery*, 58 *Ga.* 204.

3. Where the tenant and the landlord live in different cities, and the custom during the tenancy, for several years, has been for the tenant to make needed repairs and charge the cost of the repairs in the settlement of rent, the landlord has the right to assume that this custom will continue during the tenancy, unless expressly notified by the tenant to the contrary.

4. The uncontradicted evidence in this case showing that the landlord did not know of the necessity for making the repairs, and that the tenant had been in the habit, for several years, of making all needed repairs on the premises and deducting the costs therefor from the rent, which practice had been acquiesced in by the landlord, and the landlord had not been informed by the tenant of any discontinuance of such practice, the landlord was not liable for any damage to the property of the tenant caused by want of repairs; and a nonsuit was properly awarded.
*Judgment affirmed.*

DECIDED JANUARY 15, 1912.  REHEARING DENIED FEBRUARY 27, 1912.

Action for damages; from city court of Macon—Judge Hodges. March 26, 1911.

*R. S. Wimberly,* for plaintiffs.  *Lane & Park,* for defendant.

