### 5772.  STRAUSS BROTHERS v. PEARLMAN.

1. While the presumption that a letter properly addressed, stamped, and mailed was in due course of mail delivered to the addressee is not conclusive, and may be rebutted by proof that it was not received, still the probative value of the testimony adduced in rebuttal is a question solely for the jury. Unless this presumption is supported either by circumstances or by direct proof showing that the letter was received by the addressee, positive testimony that it was not received, if neither contradicted nor discredited, is sufficient to rebut the presumption. But in any case where the presumption, aided and supported by evidence that the addressee in fact received the letter, comes in conflict with positive testimony that the letter was not received, the issue raised is one of fact only, for solution by the jury.

2. In the case at bar the adjudication depends on whether the defendant withdrew from a continuing contract of guaranty before the plaintiffs furnished to the principal debtor the goods which are the subject of suit. The plaintiffs insist that the guaranty was never withdrawn, and deny that they received a letter from the defendant guarantor (which the latter claimed to have had mailed) terminating and withdrawing the guaranty, and the defendant submitted (in support of testimony to the effect that before the goods were furnished he had caused the letter withdrawing from the contract of guaranty to be mailed to the plaintiffs) circumstantial testimony which authorized the conclusion that his letter was received and acted upon by the plaintiffs. Under the ruling in the first headnote the sole issue was one of fact; no errors of law are assigned, and the finding upon the facts, approved by the trial judge, will not be disturbed.

DECIDED AUGUST 22, 1914.

Complaint; from city court of Americus—Judge Harper. April 27, 1914.

*Ellis, Webb & Ellis,* for plaintiffs. *Hollis Fort,* for defendant.

RUSSELL, C. J. The only question raised in the case is whether the positive evidence of each and all of the partners composing the partnership of Strauss Brothers (the plaintiffs), to the effect that the copartnership had never received a letter alleged to have been written to them by the defendant, demanded a finding that no such letter was in fact received by them, and required a verdict in favor

of the plaintiffs, instead of the verdict rendered, which was in favor
of the defendant. It is uncontradicted in the record that on
August 30, 1908, Pearlman entered into a written contract by
which he undertook to guarantee the accounts of Kline Brothers up
to the amount of $850. Subsequently Kline Brothers were adjudi-
cated bankrupts, being at that time indebted to Strauss Brothers in
the sum of $1,235.88, upon an open account for goods purchased in
1912. Suit on the contract of guaranty was brought against Pearl-
man (with copy of account against Kline Brothers attached) for
$850, the amount specified in the contract. Among other defenses
Pearlman pleaded that on or about September 1, 1908, he wrote to
Strauss Brothers a letter revoking the guaranty except as to the
opening bill of Kline Brothers, amounting to $850, and that any
goods sold to Kline Brothers after September 1, 1908, were sold
without a guaranty on his part and without his knowledge or con-
sent; that this letter was properly addressed, that proper postage
was placed thereon, and that the letter was deposited in the post-
office at Americus, Georgia. Each member of the plaintiff firm
testified that no such letter was ever received by them or either of
them; and A. F. Wise, manager of the defendant's business, testified
that he wrote the letter for the defendant to Strauss Brothers, as
set out in the plea, and that it was properly addressed and mailed.
If there had been no further testimony, it seems that the presump-
tion that a letter properly addressed, sufficiently stamped, and duly
mailed was duly received would be rebutted by positive evidence
that the letter was in fact never received by the addressee. Schatz
v. Jordan, 141 U. S. 213 (4), and citations, p. 219 (11 Sup. Ct.
906, 35 L. ed. 705) ; Rosenthal v. Walker, 111 U. S. 185 (3) (4 Sup.
Ct. 382, 38 L. ed. 395) ; Cassell v. Randall, 10 Ga. App. 587 (73
S. E. 858). This rule is reasonable, because the sender selects the
post as his agency by which the letter is to be conveyed, and he
must take the chances of miscarriage, and suffer, if any one must
suffer, from the default of the agency which he himself has selected.
Broussard v. Brandenberg, 8 Ga. App. 795 (70 S. E. 159) ; Griffith
v. Mitchell, 117 Ga. 479 (43 S. E. 742). The presumption that a
letter properly addressed, stamped, and mailed has been delivered to
the addressee rests upon the inference, supported by experience,
that the postal authorities, as the governmental agency for deliver-
ing mail matter, will perform their duty; and, of course, if it is

shown by positive evidence that the duty was not performed, the presumption is rebutted. In the present case, however, the defendant's plea was supported, not alone by the presumption, but also by proof of circumstances which authorized the conclusion that Strauss Brothers did in fact receive the letter. In the first place, Wise testified that upon the left-hand corner of the envelope of the letter was a request for its return to Pearlman in five days, if not delivered, and that it was never returned. The same witness testified that long after the letter was written and mailed, Strauss Brothers wrote a letter to Pearlman inquiring whether Kline Brothers were safe. Another circumstance which to some extent corroborates the defendant's contention that Strauss Brothers received his letter annulling the continuing guaranty he gave at first is the fact that it is undisputed that Pearlman guaranteed the account of Kline Brothers in consideration of a commission of 3 per cent. upon Kline Brothers' bills, and Strauss Brothers, apparently of their own motion, paid this 3 per cent. to Pearlman upon the first bill (which amounted to $821), but, although it appears they subsequently sold Kline Brothers a number of bills of goods, it does not appear that on any of the subsequent sales they paid or offered to pay Pearlman any further commission. In view of these circumstances, which support the presumption arising from the mailing of the letter, we think the jury were authorized to find that Strauss Brothers did in fact receive the letter by which the guaranty was unequivocally withdrawn as to any accounts subsequent to the bill for goods already sold to Kline Brothers. And, of course, if Strauss Brothers received this letter, the sales made by them to Kline Brothers after its receipt imposed no liability upon Pearlman. It also appears that Strauss Brothers, before the filing of this suit, had proved their whole claim against Kline Brothers in bankruptcy, and had received a dividend; and while each of the several members of the partnership of Strauss Brothers swore that he did not receive the letter about which Pearlman and Wise testified, the jury may have concluded, from all the circumstances, that it was not impossible that some agent of the partnership, other than the individuals actually composing it, received the letter, since there were circumstances which indicate that its contents were communicated and acted upon. As we have endeavored to make clear in the headnotes, the issue presented was clearly one of fact, and the jury resolved this issue in

favor of the defendant. There is no complaint that any error of law was committed upon the trial, and, since the verdict was supported by some evidence and was approved by the trial judge, this court is without jurisdiction to award another trial.

*Judgment affirmed. Roan, J., absent.*