### 5699.   PARKER *v.* SOUTHERN RURALIST COMPANY.

1. Where a promissory note, signed in the trade name of a partnership by a member who is the manager of the firm, is given by him to a creditor who accepts it in settlement of an account due by the partnership, the members of the firm, notwithstanding they have dissolved the partnership, are bound by the note, if the creditor receives it without notice of the dissolution.

2. Where the evidence shows that a letter was written and duly mailed, properly addressed, a presumption arises that it was received by the addressee; but this presumption is successfully rebutted where there is uncontradicted evidence of the addressee that the letter was never received, unless the presumption is supported by such aliunde evidence that it was in fact received as is sufficient to raise an issue as to the credibility of the positive testimony that it was not received.

DECIDED OCTOBER 20, 1914.

Complaint; from city court of Macon—Judge Hodges. March 31, 1914.

*J. E. Hall, John R. L. Smith,* for plaintiff in error.

*Hardeman, Jones, Park & Johnston,* contra.

RUSSELL, C. J. The Southern Ruralist Company brought a suit against the Champion Manufacturing Company, C. C. Brown, and T. C. Parker, upon two notes for $112 each, signed, "Champion Mnfg. Co., by C. C. Brown, Manager," and dated December 26, 1911. The suit was defended only by T. C. Parker, who filed a plea of no-partnership, alleging that the partnership formerly existing between himself and Brown, under the name and style of Champion Manufacturing Company, was dissolved on November 20, 1911, and that the plaintiff, with full knowledge of the dissolution, accepted from C. C. Brown a payment of $112 upon the alleged indebtedness, and accepted the notes sued upon. Parker's plea further alleged that at the time of the execution of the notes all business relations between himself and Brown had been discontinued, and that the dissolution of the partnership had been published to the world in accordance with the law. On the trial it appeared, without contradiction, that the Champion Manufacturing Company contracted with the Southern Ruralist Company to pay a stipulated price for a certain advertisement in four issues of the publication printed by the latter company; and there was evidence that an advertisement occupying the amount of space contracted for was inserted in four issues of the paper. It did not appear that the matter published was the same as that contained in the pro posed advertisement, but no other inference can be drawn than that the matter published was the same, or that exact compliance was waived; for it was not disputed that a statement of account, which included the sum charged for the advertisement, was sent to the Champion Manufacturing Company prior to the alleged dissolution, and that prior to the dissolution Mr. Brown, as manager, wrote a letter to the Southern Ruralist Company, acknowledging the correctness of the account and promising to remit in settlement in a short time.

On December 26, 1911, Brown, as manager of the Champion Manufacturing Company, paid $112 in cash upon the account, and gave the two notes of $112 each which were the subject-matter of the suit. There can be no question that this was an acknowledgment of liability on the part of the Champion Manufacturing Company and Brown, and the only question to be determined was whether or not the Southern Ruralist Company at that time knew or had received notice of the dissolution, so that its acceptance of

the payment and of the notes from Brown operated to release Parker, in accordance with the provisions of sections 3164 and 3188 of the Civil Code. If the plaintiff at the time it accepted the notes had notice that the partnership had been dissolved, it knew, of course, that the Champion Manufacturing Company, as signer of the notes, did not include Parker. Parker was bound upon the account because the advertising had been done while he was, without contradiction, a member of the firm; and, of course, the agreement between himself and Brown for a dissolution of the firm, in which it was stipulated that Brown would assume all the liabilities, would not in any way affect the rights of their creditor, the Southern Ruralist Company. The Southern Ruralist Company had the right to stand upon its account and to hold Parker to his liability thereon, but if it elected to take notes from the Champion Manufacturing Company, of which it knew Parker was no longer a member, the substitution released him. Civil Code, §§ 3163, 3164, 3188; *Mimms* v. *Brooks,* 3 *Ga. App.* 247 (7), 250 (59 S. E. 711); *First National Bank* v. *Ells,* 68 *Ga.* 192; *First National Bank* v. *Cody,* 93 *Ga.* 128 (6), 146 (19 S. E. 831). The crucial point in the case, therefore, is whether, at the time the notes were taken, the plaintiff knew of the dissolution of the partnership. The defendant introduced Brown, who testified that he stamped and mailed a letter, properly addressed, to the Southern Ruralist Company on November 20, 1911, some six weeks prior to the date of the notes; and a carbon copy of a notice said to have been sent to all the creditors of the Champion Manufacturing Company was introduced. To rebut the presumption that this letter was received, the plaintiff introduced its secretary and treasurer, who testified that he received and opened all the mail of the Southern Ruralist Company, and that no notice of the dissolution of partnership was ever received, either by letter, notice, or otherwise. Mr. Brown, who gave the notes in suit, testified to the mailing of the letter, but he did not testify that at the time he executed the notes there was any conversation or communication on his part with reference to the dissolution of the partnership. It would appear that a change in the partnership would naturally have been discussed at the time the notes were accepted. Nor did Brown or any other witness testify to any circumstances that tended in any way to impeach the positive statement of the plaintiff's secretary and treasurer that no notice of the

dissolution of the partnership had been conveyed to the plaintiff at the time it accepted the notes. In other words, the presumption that the Southern Ruralist Company received the letter, arising from the testimony that it had been deposited in the mail, and which was rebuttable, was rebutted by uncontradicted evidence that the notice was not in fact received; for the presumption was not aided or supported by any circumstance or evidence aliunde the mailing. The language of the decision in *Cassel* v. *Randall,* 10 *Ga. App.* 587 (73 S. E. 858), which we are asked by counsel for the plaintiff in error to review and overrule, is perhaps too broad, and it was modified by this court in *Strauss* v. *Pearlman,* 15 *Ga. App.* 86 (82 S. E. 578), to the extent that we endeavored to point out that while the presumption must yield to positive, uncontradicted evidence that a letter shown to have been mailed was in fact not received, still the presumption may be so aided by other evidence, indicating that the letter was in fact received, as to raise an issue of fact for solution by the jury. In the absence, however, of any evidence other than the fact that the letter was mailed, it would never do to charge with notice of the contents of a letter one who in fact never received it from the agency which the sender had himself selected. The presumption that the agency so selected did its duty and delivered the letter must yield to the presumption that the addressee, who positively swears that he did not receive it, is swearing the truth, unless some additional circumstance be produced to impeach or discredit his statement and to show that perhaps he is not testifying truly. On the one hand there is the presumption that the officials of the post-office department do their duty; on the other hand there is the presumption that every witness swears the truth. The witness is under oath; many of the officials of the post-office department may not be; and furthermore, we can not lose sight of the fact that not only is the delivery of the mail subject to accidents and mistakes in delivery, but also it sometimes happens that letters are delivered to irresponsible agents of the addressee, who may fail in their duty to deliver the letter to him. It would seem natural that Mr. Brown would have mentioned to the Southern Ruralist Company the change in the partnership, or would have inquired, at the time the notes were given, whether notice of the dissolution had been received. He was present in court, and, if he had testified to some such circum-

22

stance, the issue as to the credibility of the witnesses should have been submitted to the jury. In the absence of any such testimony, the evidence is not legally subject to any other inference than that the notice was not received; and the act of the plaintiff, in taking the notes, if it had no knowledge of the dissolution, could not result in releasing Parker from the obligation to pay for the advertisement, for which he was justly indebted to the plaintiff on account. *Hawkins* v. *Smith*, 12 *Ga. App.* 232 (77 S. E. 9). The evidence shows, without dispute, that, as a member of the firm, he received the full benefit of the advertisement, whatever it might have been worth. If the notes had not been taken he would have no defense. When he attempted to avoid liability, merely because of the novation which transmuted the account into notes, he assumed the burden of proving that the plaintiff knew of the dissolution of the partnership and, by the act of taking the notes, consented to the agreement between the partners by which Brown assumed the liabilities of the partnership. This burden, which both the law and good conscience placed upon him, he failed to carry, and the court did not err in directing the verdict. *Judgment affirmed. Roan, J., absent.*