## 9786. Lowenstein v. Johnston.

Jenkins, J. 1. The testimony was sufficient to authorize the finding that a notice of dissolution of partnership, such as would relieve the defendant from liability on the claim sued on, had been sent to and was received by the plaintiff. While the mailing of such a notice, properly stamped and directed, raises a presumption only of its receipt (*Bush* v. *McCarty Co.*, 127 *Ga.* 308, 311, 312, 56 S. E. 430, 9 Ann. Cas. 240), and while this presumption may be entirely overcome by the undisputed evidence of the addressee that the letter was never received (*Hamilton* v. *Stewart*, 108 *Ga.* 472, 476, 34 S. E. 123; *Cassel* v. *Randall*, 10 *Ga. App.* 587, 73 S. E. 858), still, in this case, proof to the effect that the plaintiff had subsequently proceeded against the other partner in bankruptcy by proving the claim in dispute *as an individual liability* of that partner for goods "sold and delivered to the bankrupt [that is the other partner] at his special instance and request," together with other corroborative testimony as to the conduct of the plaintiff, tending to indicate such notice, furnished sufficient corroboration to sustain the finding in accordance with the presumption raised by the defendant's testimony as to the sending of the notice. *Strauss* v. *Pearlman*, 15 *Ga. App.* 86, 87 (82 S. E. 578); *Parker* v. *Southern Ruralist Co.*, 15 *Ga. App.* 334, 337 (83 S. E. 158).

2. A petition for certiorari should "plainly and distinctly set forth the error complained of". Civil Code (1910), § 5183; *Callaway* v. *Atlanta*, 6 *Ga. App.* 354 (64 S. E. 1105). The code provides that "No ground of error shall be insisted upon, on the hearing, which is not distinctly set forth in the petition" (Civil Code of 1910, § 5199), and questions not referred to in the petition can not be considered by either the superior court or by this court. *Fouché* v. *Morris*, 112 *Ga.* 143 (37 S. E. 182); *Perry* v. *Brunswick Railway Co.*, 119 *Ga.* 819 (47 S. E. 172). Thus, the assignment of error that, "after the introduction of the evidence as related heretofore the court took this case under advisement, and did thereafter render judgment in favor of the defendant and against the plaintiff without announcing the said judgment in open court as provided by section 224 [Acts 1913, p. 167, sec. 42 (a)] of the act creating the municipal court of Atlanta," does not present the question whether the court failed to notify the parties or their counsel of the time when such judgment would be rendered; and since the answer of the trial judge does not verify the assignment as actually made, but, to the contrary, says that he did announce said judgment in open court, this assignment of error can not be considered. *Shirling* v. *Kennon*, 119 *Ga.* 501 (46 S. E. 630); *Stephens* v. *Barnes*, 11 *Ga. App.* 491 (75 S. E. 827). See also, in this connection, *Hays* v. *Philadelphia &c. Railroad Co.*, 99 Md. 413 (58 Atl. 439).

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*

Decided January 15, 1919. Rehearing denied January 28, 1919.

Certiorari; from Fulton superior court—Judge Bell. March 26, 1918.

*C. N. Anderson, W. O. Slate, P. B. D'Orr,* for plaintiff in error.
*E. M. & G. F. Mitchell,* contra.