11095. RAWLEIGH MEDICAL COMPANY *v.* BURNEY *et al.*

BROYLES, C. J. 1. Before the presumption of the receipt of a letter by the addressee arises, the evidence must affirmatively show that the letter was written, properly addressed and stamped, and mailed. *Hamilton* v. *Stewart,* 108 *Ga.* 472, 476, (34 S. E. 123) ; *National Building Association* v. *Quin,* 120 *Ga.* 358 (3), 364 (47 S. E. 962) ; *Bush* v. *McCarty,* 127 *Ga.* 308, 314 (56 S. E. 430) ; *Rawleigh Medical Co.* v. *Burney,* 22 *Ga. App.* 492 (96 S. E. 578).

(a) By the term "mailed" is necessarily meant the deposit of the letter in a United States postoffice or United States postal mail-box, or in the custody of a United States mail-collector.

2. In this case the evidence wholly failed to establish affirmatively the essential fact that the letter alleged to have been written and mailed by the defendant to the plaintiff was deposited in any postoffice or United States postal mail-box, or entrusted to any United States mail-collector. On the contrary, the evidence showed that the letter, after having been written, properly stamped, and addressed, was merely placed in a cigar-box in a grocery-store, which box was used as a place to hold letters which were to be subsequently carried by some agent or employee of the grocery company to the postoffice and there mailed. While there was some evidence that, subsequent to the placing of the letter in question in the cigar-box, the letters therein (several letters being in the box on that occasion) were carried by an employee of the grocery company to the postoffice and there mailed, there was no direct or positive evidence that this particular letter was so carried and mailed. The employee who on that occasion carried the mail from the grocery-store to the postoffice testified that he could not say how many letters he carried to the postoffice that night, or what letters they were, and that he did not recollect seeing this particular letter when he carried the mail. It was possible, under the facts shown, that the letter in question was either misplaced in the grocery-store before the mail was carried to the postoffice, or that it was lost while in transit thereto. Under this evidence the presumption referred to above never arose.

3. Moreover, where the presumption mentioned above does arise, it is rebuttable; and it is entirely overcome by the uncontradicted evidence of

the addressee that the letter was never received by him, unless there is aliunde evidence that it was in fact received. *Hamilton* v. *Stewart,* supra; *Cassel* v. *Randall,* 10 *Ga. App.* 587 (73 S. E. 858); *Parker* v. *Southern Ruralist Co.,* 15 *Ga. App.* 334 (83 S. E. 158); *Lowenstein* v. *Johnston,* 23 *Ga. App.* 261 (98 S. E. 111).

(*a*) The mere fact that a return address is written upon the outside of the envelope, and that the letter was never returned to that address, does not within itself amount to such aliunde evidence. This ruling is not in conflict with the decision in *Strauss* v. *Pearlman,* 15 *Ga. App.* 86 (82 S. E. 578), or with that in *Lowenstein* v. *Johnston,* supra. In the *Strauss* case there were other aliunde circumstances besides the return address upon the envelope; and in the *Lowenstein* case there was no return address upon the envelope, but there were additional circumstances which tended to impeach the addressee's testimony that he had never received the letter.

4. Where a properly stamped and addressed letter has been mailed to a corporation, the presumption that it has been received is completely rebutted by undisputed testimony of an agent of the corporation, who has entire charge of all its correspondence, that the letter was never received; unless there is additional evidence which tends to impeach or discredit his testimony. *Parker* v. *Southern Ruralist Co.,* supra.

5. Under the above rulings the evidence in this case demanded a finding that the letter in question had never been received by the plaintiff, and, accordingly, the verdict in favor of the defendant was unauthorized.

6. In view of the above holding it is considered unnecessary to pass upon the special grounds of the motion for a new trial.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED MARCH 3, 1920.

Action on guaranty; from Jasper superior court — Judge Park. November 10, 1919.

*Hardeman, Jones, Park & Johnston,* for plaintiff.

*Greene F. Johnson,* for defendants.