## 12303.  Wilson v. Martin.

Stephens, J.  1.  A communication from one person to another, making inquiry as to the latter's willingness to contract, may under the circumstances amount to an offer.  Where such communication is reasonably susceptible to the construction that it amounts to an offer, and that it was intended as such by the party making it and is accepted as such by the party to whom it is made, when such acceptance is communicated to the party making the communication, and the latter remains silent and does not disclaim that such communication was an offer, such conduct of the parties is sufficient to warrant the inference that the minds of the parties have met and that a contractual relation has been created.

2. Where a communication by letter is properly addressed and deposited in the United States mail and its receipt is not denied by the ad-

dressee, the inference is warranted that the communication was received. *Hamilton* v. *Stewart*, 108 *Ga.* 472, 476 (34 S. E. 123). Evidence by the addressee to the effect that another person in his employment opened his mail and that the addressee had never seen or heard of the communication, and that it can be found in his office after careful search, does not conclusively establish as a fact that he did not receive the communication, and does not as a matter of law rebut the inference of its receipt, authorized by its having been posted properly addressed.

3. Whether or not a contract existed between the parties was a question of fact, and, the judge of the municipal court, passing upon the facts without a jury, having determined in favor of the existence of a contract, the judgment of the superior court overruling the certiorari was not error.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

DECIDED NOVEMBER 1, 1921.

Certiorari; from Fulton superior court — Judge Ellis. January 20, 1921.

Thomas Wilson as landlord, through his duly authorized agent, instituted proceedings to dispossess W. O. Martin as a tenant holding over beyond his term. The tenant filed a counter-affidavit denying that his term had expired. The sole issue upon the trial was whether the lease contract between the parties, which had expired, had been renewed. The evidence showed that M. C. Kiser, the agent of the landlord, on June 24, 1920, made the following written communication to the defendant: "If you wish to renew your lease for another year at a rental of $100 per month, kindly advise us by return mail, or not later than the first of the month, as we would like to know who wish to remain in the apartment." The defendant, on June 28, 1920, replied as follows: "Replying to yours of the 24th inst., beg to say that we have decided to retain apartment 'A' for another year, although the increase (to $100.00) per month is much greater than I had expected." There was also evidence such as is indicated in paragraph 2 of the syllabus. The judge of the municipal court, who tried the case without a jury, rendered judgment for the defendant. The plaintiff sued out certiorari, which on the hearing was overruled in the superior court, and the plaintiff excepted.

*Hewlett & Dennis,* for plaintiff.

*Troutman & Freeman,* for defendant.