### 17750.　HOME INSURANCE COMPANY *v.* HEAD.

JENKINS, P. J. Where it is shown without dispute that a letter was properly addressed, stamped, and mailed, a presumption arises that it was received by the addressee. *National Building Asso. v. Quinn,* 120 *Ga.* 358 (47 S. E. 962); *Bankers Mutual Casualty Co. v. Peoples Bank,* 127

Evidence, 22 C. J. p. 96, n. 92; p. 98, n. 8; p. 101, n. 40, 41; p. 102, n. 49, 57 New; p. 111, n. 51, 52, 53, 54.

Insurance, 33 C. J. p. 70, n. 83.

Mutual Benefit Insurance, 29 Cyc. p. 92, n. 23 New.

*Ga.* 326 (56 S. E. 429). Such a presumption is not conclusive, and "is entirely overcome by the uncontradicted evidence of the addressee that the letter was never received by him, unless there is aliunde evidence that it was in fact received." *Rawleigh Medical Co.* v. *Burney*, 25 *Ga. App.* 20 (3) (102 S. E. 358). However, in order for such rebuttal proof to be conclusive, the evidence must be clear that the letter was never received by the addressee, and the rule is not met where, as in this case, the only evidence going to indicate the non-receipt of a letter to an insurance company is by the office manager of the corporation, in charge of the collection of premium notes, and is to the effect that "so far as can be found" no such letter was received by the addressee, but where it does not appear that it was the duty of that officer to receive such a letter, or that its receipt would come to his knowledge, or what effort or investigation was made to find the letter. Accordingly, the finding of the jury that the policy for which the premium note sued on had been given had been cancelled by correspondence was authorized by the evidence.

2. Where it appears that the defendant had paid the premiums on his policy of insurance to a date well in advance of the date of cancellation, and no evidence is offered as to the "customary short-term rates" to which the company would be entitled on cancellation by the terms of the policy, it will be presumed that the payment made, which covered the premiums due at the contract rate to a date much later than the date of cancellation, were sufficient to cover any premium which might be due the company at the short-term rate, since the measure of any such vague and indefinite rates was a matter lying peculiarly within the knowledge of the company, and no proof thereof was offered. Civil Code (1910), § 5749. Moreover, it appearing in the instant case that the company had wrongfully insisted that the policy had become lapsed on account of the nonpayment of premiums, and had held it out as lapsed for a lengthy period of time, the insured would be entitled to cancel the policy without the payment of any excess short-rate premiums as provided by the terms of the policy.

3. It appearing that the defendant had made full payment of all installments of his premium note well in advance of the date of cancellation, partly by cash payment and partly by arranging for the extension of credit with the company's agent, and that the company had accepted such payment and charged the premiums to its agent's account, a verdict in defendant's favor as against installments of the premium note maturing for a term of years after such cancellation was demanded.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED MAY 11, 1927.

Complaint; from Jackson superior court—Judge Stark. October 2, 1926.

*Jere S. Ayers,* for plaintiff. *Pemberton Cooley,* for defendant.