### 17580.　HODGES *v.* PLANTERS AND PEOPLES MUTUAL FIRE ASSOCIATION OF GEORGIA.

STEPHENS, J. 1. Of two inconsistent clauses appearing in the body of an insurance policy, the one more favorable to the insured will be adopted. Where a clause in a policy of fire insurance provides that "if, at any time, there shall be a change of title or ownership of the within described property, the obligation of the insured and the asso-

---

Evidence, 22 C. J. p. 96, n. 92; p. 100, n. 29; p. 101, n. 41; p. 102, n. 49, 50.

Fire Insurance, 26 C. J. p. 72, n. 19; p. 148, n. 51; p. 198, n. 51; p. 538, n. 70.

Insurance, 32 C. J. p. 1152, n. 95.

ciation shall cease," and another clause further on in the policy provides that if the insured "shall mortgage or deed his . . property to secure a debt or to obtain money, the said policy shall be cancelled by the president of this association unless the secretary and treasurer and the president of this association approved of the said loan or mortgage or deed to secure debt, and also approve of the policy to remain in force," a transfer of the title to the property by the insured to secure a debt will not ipso facto void the policy, but it can not be voided on account of such a transfer until the president of the association elects to cancel it upon this ground.

2. While the posting of a letter properly addressed and stamped will authorize an inference that the letter was afterwards received in due course of mail by the addressee, such posting has no value as tending to establish an inference that the addressee received it and such an inference is not authorized, where there is positive, uncontradicted, and unimpeached testimony by the defendant that he did not receive the letter. Union Brokerage Co. v. Beall, 30 Ga. App. 748 (3) (119 S. E. 533); Strauss v. Pearlman, 15 Ga. App. 86 (82 S. E. 578); Parker v. Southern Ruralist Co., 15 Ga. App. 334 (2) (83 S. E. 158).

3. In a suit by the insured against the association to recover under the policy for a loss sustained, one of the grounds of defense relied upon by the defendant being that before the loss occurred the defendant had, by notice to the insured, cancelled the policy, and the only evidence of notice by the association to the insured of an intention to cancel the policy being the testimony of the secretary and treasurer of the association to the effect that in a letter properly stamped and addressed to the insured and deposited in the mails he notified the insured of the cancellation of the policy by the association upon the ground of nonpayment of assessments, and it being positively testified by the insured that she had never been notified of the cancellation or forfeiture of the policy by the association prior to the date of the destruction of the insured property, and had never been called upon to surrender or deliver up the policy, and there being no evidence that any one other than the insured was in the habit of opening or likely to open the insured's mail, and there being no evidence tending to impeach or otherwise contradict the evidence of the insured, it appears undisputedly and conclusively that the insured had, prior to the date of the loss, received no notice of the cancellation of the policy.

4. The evidence demanded the inference that the policy had not been voided or cancelled either by reason of a transfer of title to the property insured or by reason of a nonpayment of assessments by the plaintiff, but that at the time of the fire the policy was still in force; and there being undisputed evidence that the plaintiff had sustained the loss alleged, and that the defendant had failed to pay the same, the verdict found for the defendant was unauthorized by the evidence.

Judgment reversed. Jenkins, P. J., and Bell, J., concur.

DECIDED SEPTEMBER 10, 1927.

Complaint on fire policy; from city court of Reidsville—Judge Cowart. June 16, 1926.

A. S. Way, for plaintiff.    W. T. Burkhalter, for defendant.