19253. HART v. LITTLE.

DECIDED JANUARY 15, 1929.

*Ben M. Turnipseed*, for plaintiff. *E. R. King*, for defendant.

BLOODWORTH, J. In connection with the headnotes the following will dispose of the entire case: Edward F. Hart, doing business under the name and style of "National Engraving Company," brought suit against W. N. Little, doing business under the name of "Fort Gaines Garage," on an account for newspaper cuts, reading matter, and postage. The items of the account were each for $2.03, and were dated weekly from and including August 14, 1925, to October, 1926; which, together with an extra charge of seven cents for postage, made the total amount of the account $127.96. There were credits for payments which amounted to $75.18, reducing the actual amount sued for to $52.78. The defendant denied liability and pleaded: "That in March and April, 1926, the service given by plaintiff to the defendant became very unsatisfactory, and defendant asked plaintiff to cancel the contract and terminate their business relations; that afterwards, on the 8th day of May, defendant sent to plaintiff a check for $8.12, being all the amount defendant claimed that he owed plaintiff; that defendant sent said check as a full accord and satisfaction between the parties, and so marked on said check, which was accepted and collected by plaintiff." On appeal to the superior court the jury returned a verdict for the defendant. A motion for a new trial was

made by the plaintiff, and, this being overruled, a bill of exceptions was filed. On the trial the plaintiff introduced in evidence an instrument in writing signed by the defendant in error, which the plaintiff claimed was a contract between him and the defendant, and under which the cuts and reading matter sued for were furnished, and also introduced evidence that the cuts and reading matter were shipped weekly by parcel post to defendant. The defendant swore that "This contract recited that the National Engraving Company was to send me cuts and reading matter weekly for a period of one year. These cuts and the reading matter was to be given to the newspaper every week by me for publication. They sent these cuts and reading matter out weekly for several months, and I paid the bills promptly. Then they commenced to skip a week, and I did not receive the cuts each week, and then they would send cuts for two weeks at one time. I made complaint to them and wrote them about it. I then paid them up in full through the month of April, 1926, and sent them a check for what I owed, and wrote on the check the words 'In full.' I stopped payment then because I had settled with them, as they did not send out the matter weekly as they agreed to do in the contract. I sent this check dated May 8, 1926, for $8.12, payable to the National Engraving Company, and drawn on the Union Savings Bank of Ft. Gaines, Ga. This check had on the left hand corner these words: 'For in full.'" On this issue of fact the jury had the right to believe the evidence for the defendant, which successfully rebutted the presumption that the defendant did receive the cuts and reading matter, which arose from the evidence that these articles had been properly addressed, stamped and mailed. *Parker* v. *Southern Ruralist,* 15 *Ga. App.* 334 (83 S. E. 158) ; *Rawleigh Medical Co.* v. *Burney,* 25 *Ga. App.* 20 (102 S. E. 358) ; *Hamilton* v. *Stewart,* 108 *Ga.* 476 (34 S. E. 123). Moreover, the check marked "in full" was introduced in evidence, and it was indorsed by plaintiff and marked "paid" by the bank upon which it was drawn. Where the aggregate amount due on an indebtedness is in dispute, and the debtor tenders a sum as to which he is willing to concede a liability, on condition that it is accepted in full settlement, the creditor, if he would not acknowledge settlement in full, "must decline the tender and not retain and use the money, check, or other thing of value offered in full settlement." *Bass Dry Goods Co.* v. *Roberts*

*Coal Co.,* 4 *Ga. App.* 521 (61 S. E. 1134), and cases cited. See also *Ryan* v. *Progressive Retailer Pub. Co.,* 16 *Ga. App.* 83 (1), 86 (84 S. E. 834); *Donalson* v. *Norman,* 14 *Ga. App.* 191 (1), 192 (2) (80 S. E. 679). Under the facts of this case and the principles announced in the foregoing decisions, it is clear that the court did not err in overruling the motion for a new trial.

 *Judgment affirmed.*  *Broyles, C. J., and Luke, J., concur.*