30653. BARWICK *v.* WALDEN *et al.*

DECIDED OCTOBER 27, 1944. REHEARING DENIED DECEMBER 12, 1944.

*W. E. Heath, Randall Evans Jr., M. C. Barwick,* for plaintiff. *Casey Thigpen,* for defendants.

SUTTON, P. J. M. C. Barwick sued W. A. Walden and Lester Walden for the sum of $380.70, which he claimed was due him by the defendants as a balance on a settlement of a logging and lumber transaction between them, and for an additional sum of $185, which he claimed to be due him by them as a balance on the purchase-price of a tractor, a log cart, and a mule. The defendants filed a joint answer, in which they denied any indebtedness to the plaintiff. Lester Walden denied that he was connected with the logging and lumber transaction with the plaintiff, and W. A. Walden alleged that the plaintiff was indebted to him in the sum of $130.42 as a balance due him on the logging and lumber transaction referred to in the plaintiff's petition. The plaintiff introduced testimony tending to support his right to recover. W. A. Walden introduced testimony tending to support the plea of the defendants. Lester Walden failed to appear and testify. The jury returned a general verdict for the defendants. The plaintiff made a motion for new trial, which was overruled, and the exception here is to that judgment.

1. Special ground 1 of the motion for new trial assigns error

on the exclusion of the following testimony of J. C. Williams, a witness for the plaintiff: "I went to the Larsen timber for the plaintiff in July, 1942, to see about some cutting of the timber. I had a conversation with W. G. Walden at his sawmill. In that conversation he told me that M. C. Barwick had given him and W. A. Walden a raise, and then they both were getting $10 per M. for the logging and sawing of the Larsen timber." W. G. Walden was not a party to the suit, and the statement made by him to the witness Williams, was not binding on W. A. Walden. The court did not err in excluding the testimony on the ground that it was hearsay, it not having been made to appear at the time that the testimony was material or for what purpose it was offered.

2. Special ground 2 complains that the court erred in refusing to admit in evidence a carbon copy of a letter claimed to have been written by M. C. Barwick to W. A. Walden on January 28, 1943, which referred to a settlement claimed by the plaintiff to have been made between M. C. Barwick and W. A. Walden on October 25, 1942, and requested payment of the debt sued on. The plaintiff testified that the original letter signed by him was placed in an envelope addressed to W. A. Walden at Gibson, Georgia, the latter's post office, with proper postage thereon, and was mailed at the post office in Louisville, Georgia, with the plaintiff's name and address on one corner of the envelope, and that the letter had not been returned to him. W. A. Walden testified that he had no such letter, and had never received such a letter from the plaintiff. In these circumstances the court did not err in refusing to admit the carbon copy of the letter in evidence. It was held in *Home Insurance Co.* v. *Head,* 36 *Ga. App.* 779 (138 S. E. 275): "Where it is shown without dispute that a letter was properly addressed, stamped, and mailed, a presumption arises that it was received by the addressee. *National Building Asso.* v. *Quinn,* 120 *Ga.* 358 (47 S. E. 962); *Bankers Mutual Casualty Co.* v. *Peoples Bank,* 127 *Ga.* 326 (56 S. E. 429). Such a presumption is not conclusive, and 'is entirely overcome by the uncontradicted evidence of the addressee that the letter was never received by him, unless there is aliunde evidence that it was in fact received.' *Rawleigh Medical Co.* v. *Burney,* 25 *Ga. App.* 20 (3) (102 S. E. 358)."

3. Special ground 3 complains that the court erred in charging the jury with respect to the verdict they could render, as follows:

"I charge you that if you believe under the evidence in this case that the plaintiff, Judge Barwick, is entitled to recover, after applying the rules of law as given you thereto in charge, why then it would be your duty to return a verdict in his favor, and in that event the form of your verdict would be: 'We, the jury, find in favor of the plaintiff so many dollars and so many cents principal, and so many dollars and so many cents interest,' from such time as you might find that the principal sum became due, and also it is entirely for you to determine from all the evidence, facts, and circumstances of the case as to how much the plaintiff would be entitled to recover in this case. On the other hand, if you believe that the contentions of the defendants are correct, after applying the rules of law as given you thereto in charge, then it would be equally your duty to return a verdict in favor of the defendants for such amount as you might find the evidence to warrant. In that event the form of your verdict would be: 'We, the jury, find in favor of the defendants so many dollars and so many cents principal, and so many dollars and so many cents interest,' from the time that you find that the counterclaim became due. If you should find from the evidence that the plaintiff is not entitled to recover against the defendants and that the defendants are not entitled to recover anything against the plaintiff, why then in that event, gentlemen, the form of your verdict would be: 'We, the jury, find in favor of the defendants.'" It is contended by the plaintiff in error that these instructions were contrary to law and not adjusted to the pleadings and the evidence. The plaintiff sued both defendants and introduced testimony tending to support his suit. The defendants denied that they owed the plaintiff any sum and one of the defendants disclaimed any connection with the transactions between the parties, and the other defendant claimed that the plaintiff was indebted to him in a specified sum and introduced testimony tending to support his contention. Under the pleadings and the evidence, the charge complained of in this ground of the motion was not harmful or prejudicial to the plaintiff for any reason assigned.

4. No harmful error is shown by ground 4 of the motion.

5. The verdict was authorized, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Parker, J., concurs.*

FELTON, J., dissenting. The action was against W. A. Walden and Lester Walden jointly. The evidence authorized a finding for .the plaintiff against the defendants jointly, or for the plaintiff against W. A. Walden alone, for the whole amount sued for, or for $54.58, and authorized a finding for both defendants or W. A. Walden against the plaintiff for $130.42. It was error for the court to charge that if the plaintiff was not entitled to recover .against (both) the defendants, and that (both) the defendants were not entitled to recover against the plaintiff, the verdict should be for the. defendants, for the reason that the jury could have found that both the defendants were not indebted to the plaintiff, but that W. A. Walden was, and could have found that the defendants were not entitled to recover of the plaintiff, but that W. A. Walden was. The court further erred in failing to charge that they could find W. A. Walden liable even though Lester Walden was not liable.