## 43796. SULLIVAN ENTERPRISES, INC. v. STOCKTON.

JORDAN, Presiding Judge. Appellant's petition seeks to set aside a deed made under power of sale and to enjoin the defendant-appellee Stockton from transferring or alienating the property described therein. Stockton denied all the material allegations of the petition including the allegations that notice as to attorney's fees required by *Code Ann.* § 20-506 was not given to appellant. The only issue at this stage of the litigation is whether or not the trial court erred in denying the appellant's motion for summary judgment as to its liability for attorney's fees. See opinion of the Supreme Court transferring the case to this Court. *Sullivan Enterprises v. Stockton,* 224 Ga. 357 (162 SE2d 396).

Supporting the motion for summary judgment on this issue is the affidavit of the president and secretary of the corporation that no such notice was received by either of them either prior to the foreclosure and sale on May 2, 1967, or since. Opposing this is the affidavit of the attorney for the appellee Stockton to the effect that such notice in compliance with the statute was given to appellant by a letter dated March 24, 1967, and placed in the U. S. mail to appellant's address with correct postage thereon (a copy of such letter being attached to appellee's answer), following attempts personally and by telephone to collect the instalment due on said note.

Proof that a letter was duly mailed with proper address gives rise to presumption that it was received by the addressee. This is, of course, a rebuttable presumption. *Cassel v. Randall,* 10 Ga. App. 587 (73 SE 858), citing *Hamilton v. Stewart,* 108 Ga. 472 (34 SE 123).

Whether the testimony of two officers of the corporation that such notice was not received by either of them rebuts the presumption that the notice was received by the corporation to whom the notice was addressed is clearly a matter for a jury. Testimony by two officers of the corporation that such notice was not received by either of *them* is not testimony that the *corporation* did not receive the notice.

It is of course elementary, as pointed out at length in the special concurrence, that the burden is on the movant for summary judgment to show that there is no issue of material fact for a jury.

The evidence submitted by the defendant clearly shows that the

notice was placed in the mail in a letter "addressed to Sullivan Enterprises, Inc., Post Office Box 280, College Park, Georgia, 30022," with correct postage thereon. This vital and material fact is in no way contradicted or refuted by the plaintiff-movant. The burden resting upon movant at this point was to show that this was not the correct address of the corporation or that, if it was the correct address, neither the *corporation* nor *any* of its officers or agents ever received the notice. This they utterly failed to do.

Since the pleadings and evidence present a substantial issue of fact as to the giving and receipt of the notice, the trial judge did not err in denying the appellant's motion for summary judgment on this issue.

*Judgment affirmed. Deen, J., concurs. Pannell, J., concurs specially.*

ARGUED JULY 3, 1968—DECIDED SEPTEMBER 13, 1968—REHEARING DENIED OCTOBER 9 AND OCTOBER 25, 1968.

*George G. Finch,* for appellant.

PANNELL, Judge, concurring specially. On motion for rehearing, the appellant has convinced me that the opinion as written is based upon a false premise, not supported by the evidence, and which, if standing unchallenged, would permit the trial of this case upon an erroneous theory as to the presumptions arising from the evidence adduced. Under these circumstances, while I agree with the affirmance, I feel impelled to dissent from the rulings made.

The majority opinion is based upon the premise that the notice of attorney's fees was mailed, *properly addressed* and directed to the plaintiff corporation generally. Such is not borne out by the facts. There is absolutely no evidence that the address on the envelope in which the note was mailed is the address of the plaintiff corporation. There must be such proof of the fact before any presumption can arise based upon it. The majority ruling, therefore, is based upon the *pure assumption* that the mailing address on the envelope was the correct mailing address of the plaintiff corporation. I agree that if this fact had been proven, the only way the presumption of

delivery and receipt could have been completely overcome would have been for all of the officers and authorized employees to have testified that no such notice was received, or possibly have had the officers and employees whose duty it was to receive the mail at the particular address to testify that no such mail was received. We do not have that situation here, but we do have a situation where a presumption arose that the notice of attorney's fees was delivered to and received by the secretary of the plaintiff corporation. Paragraph 6 of the defendant's answer alleged: "Defendant denies each and every allegation contained in paragraph 6 of plaintiff's petition and by way of further answer shows that plaintiff corporation well knew through its officers, Candler Jones, president, and Curtis H. Young, secretary, that as a result of its default in the payment of the annual instalment which was due and payable on the 2nd day of January, 1967, and after several demands having been made by the defendant upon the officers of the said corporation for payment of the said annual instalment the note and security deed were finally turned over to John Hollis Allen, attorney at law, for collection. That on March 24, 1967, said Attorney Allen did, after several telephone conversations and in person[al] conversations in his office with the said Curtis H. Young, secretary of the plaintiff corporation, forward to the corporation *at the mailing address of the secretary, Curtis H. Young*, at Post Office Box 280, College Park, Georgia, a letter *notifying him* that unless the full balance due plus accrued interest was paid within ten days from the date of his receipt of this letter that the attorney's fees called for in the note and security deed would be added to the principal balance due plus accrued interest. And by way of further answer defendant shows that the said Attorney Allen did begin advertising in the 'Free Press - News and Farmer' a newspaper of general circulation in Clayton County, Georgia, the notice of sale under the power contained in the said security deed according to the terms set out in the said security deed." Paragraph 9 of the answer alleged: "Defendant denies each and every allegation set out in paragraph nine of plaintiff's petition, and by way of further answer shows that defendant's attorney at law, John Hollis Allen, did, on the

24th day of March, 1967, place in the United States mail a letter *correctly addressed to the secretary of the plaintiff corporation* with correct amount of postage thereon *notifying the said plaintiff corporation through its secretary, Curtis H. Young,* of defendant's intention to add to the principal balance due on the said note, plus accrued interest, attorney's fees as provided for in said note unless said balance due was paid within ten days. Copy of said letter is attached thereto and made a part of this answer."

The affidavit of John Hollis Allen, attorney for the defendant, is as follows: "That after several attempts to collect the instalment due through contacts with one Curtis H. Young, secretary of the said Sullivan Enterprises, Inc. both by telephone and personally in deponent's office at 1186 Princeton Avenue, College Park, Georgia, deponent did on March 24, 1967, place in the United States mail at College Park, Georgia, a letter addressed to Sullivan Enterprises, Inc., Post Office Box 280, College Park, Georgia, 30022, with correct postage thereon *notifying the said corporation through its secretary, said Curtis H. Young,* that due to the default in the payment of the instalment due on the 2nd day of January, 1967, Mr. Stockton has elected to declare the entire balance of principal plus all accrued interest due and payable and further that the said corporation had ten days from the date of their receipt of the said letter in which to pay the principal and accrued interest in full after which time Mr. Stockton would insist upon the payment of the attorney's fees in addition to the said principal and interest as provided in the said promissory note, all in compliance with Code Section 20-506, Georgia Code Annotated."

While it is true that a presumption of receipt of the letter may arise from these facts, such presumption cannot be any broader than the facts upon which the presumption is based. Here the only facts show conclusively that any notice to the corporation was through the secretary of the corporation at the secretary's mailing address. It is therefore not necessary that the plaintiff corporation prove that no other member or official of the corporation did not receive the notice in order to overcome the presumption. Standing alone, the statement of the secretary

of the corporation that he did not receive the notice sent by mail would have been sufficient to constitute a conclusive rebuttal of the presumption created by the mailing of the notice here, in the absence of other corroborative evidence that the notice was actually received. *Cassel v. Randall,* 10 Ga. App. 587, supra; *Strauss Bros. v. Pearlman,* 15 Ga. App. 86 (1) (82 SE 578); *Parker v. Southern Ruralist Co.,* 15 Ga. App. 334 (2) (83 SE 158); *Lowenstein v. Johnston,* 23 Ga. App. 261 (98 SE 111); *Rawleigh Medical Co. v. Burney,* 25 Ga. App. 20 (102 SE 358); *Home Ins. Co. v. Head,* 36 Ga. App. 779 (138 SE 275); *Hodges v. Planters & Peoples Mut. Fire Assn.,* 37 Ga. App. 203 (139 SE 362); *Prudential Ins. Co. of America v. Franklin,* 51 Ga. App. 496 (180 SE 869); *Hamilton v. Stewart,* 108 Ga. 472, 476 (34 SE 123).

As was stated in *Strauss Bros. v. Pearlman,* 15 Ga. App. 86, 87, supra: "If there had been no further testimony, it seems that the presumption that a letter properly addressed, sufficiently stamped, and duly mailed was duly received would be rebutted by positive evidence that the letter was in fact never received by the addressee. Schatz v. Jordan, 141 U. S. 213 (4), and citations, p. 219 (11 SC 906, 35 LE 705); Rosenthal v. Walker, 111 U. S. 185 (3) (4 SC 382, 38 LE 395); *Cassel v. Randall,* 10 Ga. App. 587 (73 SE 858). This rule is reasonable, because the sender selects the post as his agency by which the letter is to be conveyed, and he must take the chances of miscarriage, and suffer, if any one must suffer, from the default of the agency which he himself has selected. *Broussard v. Brandenburg,* 8 Ga. App. 795 (70 SE 159); *Griffith v. Mitchell,* 117 Ga. 479 (43 SE 742). The presumption that a letter properly addressed, stamped, and mailed has been delivered to the addressee rests upon the inference, supported by experience, that the postal authorities, as the governmental agency for delivering mail matter, will perform their duty; and, of course, if it is shown by positive evidence that the duty was not performed, the presumption is rebutted." The statement in the opinion that such a denial raises a jury issue is therefore not in accordance with these decisions.

Were this not a motion for summary judgment by the party

to whom a notice of attorney's fees was allegedly sent, I might be inclined to the view there is no corroborative evidence that the notice was received; however, on motion for summary judgment the burden is on the movant to show clearly and unequivocally that there is no material issue, and the evidence adduced on the hearing of the motion must be construed most strongly against the movant and in favor of the sender of the notice. The burden here is upon the movant to show the notice was not received rather than upon the defendant to show that it was. So construing the evidence it is my opinion that the movant failed to show that there was not a material issue.

It appears from the evidence that an offer was made by the plaintiff's attorney the day before, or on the day of, the sale under power to pay part of the claimed attorney's fees which were not mentioned in the advertisement of sale. This evidence shows that plaintiff knew of the claim of attorney's fees, but nowhere did the evidence disclose whether this knowledge was derived from receipt of the notice or was received during various conferences subsequently had including the one at which the offer was made. This evidence of knowledge on the part of the plaintiff, unexplained by the other evidence adduced as to when it was acquired, was sufficient to authorize an inference that the knowledge was obtained from the notice of attorney's fees duly received by the plaintiff, and was sufficiently corroborative to show there was an issue. There being an issue under the evidence, it was not error to refuse the summary judgment.