### 1622. OXFORD KNITTING MILLS *v.* WOOLDRIDGE.

1. When there is a sale of goods with a warranty of quality, and a delivery and acceptance by the buyer, if the goods prove not to correspond with the warranty, the measure of damages is the difference between the contract price and the actual value of the goods when and where delivered.
2. No error of law appears, and the verdict is fully supported by the evidence.

Certiorari, from Pike superior court—Judge Reagan. October 10, 1908.

Submitted February 24,—Decided June 15, 1909.

*E. C. Armistead,* for plaintiff in error. *A. A. Murphey,* contra.

HILL, C. J. Wooldridge sued the Oxford Knitting Mills in a justice's court, on account, to recover the contract price of a car-load of steam coal. The defense relied upon was total failure of consideration, in that the coal was expressly warranted as steam coal of first quality, when in fact it was not steam coal and could

not be used for the purpose of generating steam. A judgment was rendered for the plaintiff, and on appeal to a jury in the superior court a verdict was found for the plaintiff for the full amount sued for. The evidence showed that the coal was warranted by the plaintiff as a first-class quality of steam coal. There was conflict in the evidence as to a breach of this warranty, and the jury solved the conflict in favor of the plaintiff. Only one error of law is complained of. In support of its plea the defendant offered to prove that it had lost $15 per day in wages paid to its hands while waiting for steam to be sufficiently generated by the use of the coal in question to operate the mill, and that this delay continued for four days; and also offered to prove the loss of $10 per day for four hours each day, as lost interest on the money invested in the mill. The court excluded this testimony, and this ruling constitutes the error of law assigned. We think it clear that the court did right in excluding the testimony. Certainly the damages here attempted to be recovered by the defendant by way of recoupment could not be said to have been within the contemplation of the parties to the contract, and only such damages would be recoverable. Civil Code, §3799. Besides, the defendant accepted and used the coal. If it was in fact an inferior quality of coal and there was a breach of the express warranty on this subject, the defendant was entitled, on proper proof, to an abatement in the price of the coal, and this abatement would be determined by the difference in the agreed price of the coal and its actual value when used, as decreased by its defective quality. *Atkins* v. *Cobb,* 56 *Ga.* 86; *Florence* v. *Pattillo,* 105 *Ga.* 581 (32 S. E. 642); *Clark* v. *Neufville,* 46 *Ga.* 261. In the case last cited it was held by the Supreme Court that "when there is a sale of goods, with a warranty of quality, and a delivery and acceptance by the buyer, and the goods prove not to correspond with the warranty, and there is no fraud by the seller, the measure of damages is the difference between the price paid and the value of the goods as they actually were at the time and place of the sale and delivery." There was no proof offered as to the actual value of the coal. The defendant could have rejected the coal entirely as worthless, if such had been the fact, and refused to pay for it on that ground. Having received and used it, the defendant would

only have been entitled to a reduction from the contract price to the actual value of the coal when used.

There was no evidence offered by which the jury could determine the damages to the defendant arising from any partial failure of consideration; the verdict, under the law, was demanded.

*Judgment affirmed.*