## 8543.  ZOUCKS *v.* THE STATE.

1. There was no "unwarranted denial of the right of cross-examination" in the refusal of the court to allow counsel for the accused to ask the prosecutor whether he was spanked when he was little.  The fact that spanking in childhood had not knocked him senseless would not have been material for the purpose of impeaching his testimony that the blow of an ax on the hip by the defendant had knocked him senseless.

2. The admission of testimony as to the mailing of a letter of the prosecutor to the defendant's employer was not cause for a new trial, there being no evidence as to the contents or purpose of the letter, and it not appearing that this testimony was harmful to the defendant.

3. It appearing that the assault upon the prosecutor, for which the defendant was on trial, was committed on account of interference by the

prosecutor with the erection of a fence by the defendant on land to which the prosecutor claimed title and which he contended was in his possession, the deeds under which the prosecutor claimed title were admissible on the question as to his good faith in interfering with the erection of the fence, and his right to employ force necessary to prevent a trespass by the defendant, without thereby furnishing a lawful excuse for the battery committed by the defendant in protecting the fence.

DECIDED APRIL 21, 1917.

Indictment for assault and battery; from McIntosh superior court—Judge Sheppard.   January 23, 1917.

*Charles M. Tyson, Paul E. Seabrook, Travis & Travis,* for plaintiff in error.   *W. F. Slater, solicitor-general,* contra.

WADE, C. J.   1.   The prosecutor testified that he was knocked senseless by a blow on his hip from an ax in the hands of the defendant, and that the court declined to allow counsel for the accused to propound to this witness, on cross-examination, the following question: "Did your folks ever spank you when you were little?"  Counsel thereupon stated to the court that the answer expected was that the prosecutor had been spanked when he was little, and that "the operation had not knocked the senses out of him."  The refusal of the court to allow this question is excepted to, on the grounds: (*a*) that "it was an unwarranted denial of the right of cross-examination;" (*b*) that "the question and answer were material, as tending to show whether or not said prosecutor was telling the truth; and such an answer as the court was at the time told by counsel for defendant was expected would have been material in the direction of impeaching the witness by his own statement;" and (*c*) that "the ruling of the court tended to impress the jury that the question of counsel was improper, and was calculated to lead the jury to think that the court sympathized with said prosecutor's side of the case."  This ground of the motion for a new trial, being argued in the brief of counsel for the plaintiff in error, must be treated as seriously insisted upon.  It is enough, however, to say that there is no substantial merit therein.  None of the conditions surrounding the battery, or the consequences resulting therefrom, as depicted or suggested by the testimony of the prosecutor and other witnesses to the effect that the prosecutor was struck on the hip with an ax, or even by the statement of the accused that he "slapped him on the behind with the wide part of the ax, . . struck him back here, . . hit

him on the left side with the ax, the flat of it, just flatways," could by the wildest stretch of fancy be analogized to the conditions or consequences associated with or resulting from the ordinary administration of a simple punitive spanking to an infant. The trial judge did not abuse his discretion in limiting the cross-examination in this particular.

2. There is no merit in the ground that the court erred in allowing the prosecutor to testify, over objection, that on the day preceding the day of the battery in question, he mailed a letter to the Georgia Land Company, by whom the defendant was employed and in connection with whose business the battery occurred. Irrespective of the objections urged as to this testimony, it does not appear that it was harmful to the accused, since no attempt was made to prove the contents or the purpose of the letter.

3. The court did not err in admitting certain documentary evidence, to wit, deeds under which the prosecutor claimed title to certain lands which the State contended he was in possession of, and upon which, the State further contended, the defendant was trespassing by erecting a fence thereon, for interference with which the defendant committed the assault and battery. The good faith of the prosecutor in interfering with the erection of the fence by the defendant, and his right to employ so much force as might be necessary to prevent a trespass by the accused, without thereby furnishing a lawful and sufficient excuse for the battery committed by the latter in protecting the fence, being directly involved, any evidence of title in the prosecutor to the lands alleged to have been trespassed upon would be admissible. See, in this connection, *Hately* v. *State*, 118 *Ga.* 79 (44 S. E. 852) ; *Alaculsy Lumber Co.* v. *Gudger*, 134 *Ga.* 603 (2) (68 S. E. 427).

4. The remaining grounds of the motion for a new trial involve no novel question, and are without substantial merit, or are practically abandoned by failure to argue them in the brief of counsel for the plaintiff in error. The evidence and the defendant's statement fully authorized, if they did not demand, the verdict returned, and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. George and Luke, JJ., concur.*