## 12624. ROWNTREE BROTHERS *v.* BUSH.

JENKINS, P. J. 1. A person who by the United States mail sends to another an offer or proposal which requires only the latter's acceptance or confirmation to create a valid contract, and who says nothing as to how the answer of acceptance or confirmation shall be communicated, nor that it shall take effect only upon the actual receipt of the acceptance by the offerer, impliedly adopts the mails as his agency, and authorizes its use in the transmission to him of an acceptance. Where the recipient of the offer thus duly deposits his acceptance in the mail, in an envelope properly stamped and addressed to the offerer, the contract thereupon becomes complete and binding, without reference to whether or not the acceptance actually reaches the addressee. Civil Code (1910), § 4231; *Levy* v. *Cohen,* 4 *Ga.* 1 (2); *Bryant* v. *Booze,* 55 *Ga.* 438 (5); 6 Ruling Case Law, 610-613; 13 Corpus Juris, 300, 301, and cases cited.

2. The rule that, where a letter is written, properly addressed, stamped, and mailed, the presumption arising that it was received by the addressee is merely prima facie, and may be successfully rebutted by uncontradicted evidence of the addressee that he did not in fact receive it (*Hamilton* v. *Stewart,* 108 *Ga.* 472, 476, 34 S. E. 123; *Cassel* v. *Randall,* 10 *Ga. App.* 587, 73 S. E. 858; *Strauss* v. *Pearlman,* 15 *Ga. App.* 86, 82 S. E. 578; *Parker* v. *Southern Ruralist Co.,* 15 *Ga. App.* 334 (2), 83 S.

E. 158), has no application in a case such as here stated, except in so far as the addressee's evidence. that he did not receive the letter of acceptance may be considered by the jury along with the other facts and circumstances, as negativing the other party's evidence that it had been mailed. This in effect was what the court charged. Immediately after, and in the same connection with the excerpt complained of, wherein the judge charged that if the acceptance was properly addressed, stamped, and mailed, the presumption of law is that the addressee would receive it, he proceeded to make clear that the real question was not whether the acceptance was actually received, but whether it was thus addressed, stamped, and deposited in the mail, by informing the jury that if it was not received. "then you can take that, in connection with all the facts and circumstances, in determining whether or not this acceptance in the part of the plaintiff was ever mailed in the manner in which I have designated to you."

*Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED MARCH 9, 1922. REHEARING DENIED APRIL 1, 1922.

Action for breach of contract; from Stewart superior court — Judge Littlejohn. June 11, 1921.

*T. T. James,* for plaintiffs. *G. Y. Harrell,* for defendant.

### ON MOTION FOR REHEARING.

JENKINS, P. J. In the 2d division of the syllabus it is held that " the addressee's evidence that he did not receive the letter of acceptance may be considered by the jury along with the other facts and circumstances, as negativing the other party's evidence that it had been mailed." It is contended by plaintiffs in error that " there were in the evidence in the cause no other facts and circumstances tending to negative the evidence of Rowntree that the letter in question was mailed," and that, therefore, the charge of the court (which in effect was as stated in the syllabus) was error, and the evidence demanded a verdict for the plaintiffs. Their argument is, that " where a sender testifies that he properly mailed a letter to the addressee, and the addressee testifies that he did not receive it, then the presumption as to the regularity of the mails, which would call for the conclusion that the letter was duly received, must yield to the presumption that witnesses speak the truth, and the only conclusion admissible is that the letter was lost in the mails," there being no facts and circumstances to corroborate the presumption that the letter was received, or to discredit the testimony that it was not received.

In *Parker* v. *Southern Ruralist Co.,* supra, it was held: " Where the evidence shows that a letter was written and duly mailed, proper-

ly addressed, a presumption arises that it was received by the addressee; but this presumption is successfully rebutted where there is uncontradicted evidence of the addressee that the letter was never received, unless the presumption is supported by such aliunde evidence that it was in fact received as is sufficient to raise an issue as to the credibility of the positive testimony that it was not received." In *Strauss Bros.* v. *Pearlman*, supra, it was held: "While the presumption that a letter properly addressed, stamped and mailed was in due course of mail delivered to the addressee is not conclusive, and may be rebutted by proof that it was not received, still the probative value of the testimony adduced in rebuttal is a question solely for the jury. Unless this presumption is supported either by circumstances or by direct proof showing that the letter was received by the addressee, positive testimony that it was not received, if neither contradicted or discredited, is sufficient to rebut the presumption. But in any case, where the presumption, aided and supported by evidence that the addressee in fact received the letter, comes in conflict with positive testimony that the letter was not received, the issue raised is one of fact only, for solution by the jury."

In such a case, the presumption that the properly mailed leter reached the addressee in due course "rests upon the inference, supported by experience, that the postal authorities, as the governmental agency for delivering mail matter, will perform their duty." In other words, there is a presumption arising both from the fact that the mails are an official agency of the government, and from the daily facts of common experience, that properly mailed and addressed letters are not *lost in the mails*. This presumption comes to the aid of the sender's positive evidence as to the mailing of the letter, and authorizes, in the absence of other proof, a conclusion that it was actually received by the addressee. But where the addressee swears positively that he did not receive the letter, and there is no aliunde proof as to such actual receipt, the presumptive evidence yields to the positive, and the jury must find in favor of the addressee. Whether, in a case where the question is not whether the letter was received, but, as in the instant case, whether or not it was mailed, the presumption of safe delivery would so aid the positive testimony of the addressee, that he did not receive the letter, as could permit such testimony, without any

other facts and circumstances, to rebut the sender's testimony of proper mailing, it is unnecessary here to determine; this for the reason that in the case at bar there appear certain other facts and circumstances which the jury were authorized to consider in determining the issue as to whether the letter had been mailed. In a letter from plaintiffs to defendant, dated November 5, 1919, there is the following statement over the plaintiff's signature: "We are just in receipt of your letter of the 3d inst., replying to our telegram of same date, in which you state that you have not sold us any cotton, that you tried to, but that we never confirmed purchase. Replying, beg to advise that on *August 16th we confirmed purchase from you of 20 bales of cotton as per your contract dated August 14th.*" In the plaintiff's depositions there is a variance as to this alleged date of confirmation, as follows: "The contract with F. A. Bush in which we purchased 20 bales of cotton from him was accepted by us immediately on receipt of his contract, which we received by mail on *August 18th,* when a letter of confirmation was sent him, Exhibit 2 being herewith attached, which is a carbon copy of letter of confirmation sent him." This exhibit, which is the alleged letter in question, also bears date *August 18, 1919.* As an additional fact and circumstance, the addressee testified, without dispute, that the time required for a letter to go from Richland, Georgia, to Bartlett, Texas (the address of defendant to that of plaintiffs), was "not over 30 hours." As August 14 was the date of defendant's offer and letter to the plaintiffs, this evidence tended to rebut the plaintiff's testimony that they accepted and confirmed defendant's offer "immediately on receipt of his contract" on August 18, by mailing to him on that date a confirmation and acceptance. The record does not disclose the price at which November cotton was quoted at the time the alleged contract was made on August 18. The record does, however, show that spot cotton on that date was worth but 27 cents; although the plaintiffs allege and testify that they then agreed to pay the amount of 33 cents, or an excess of 6 cents a pound, for cotton to be delivered about three months thereafter.

*Motion for rehearing denied.*