### 12713.   GEORGIA LAND COMPANY v. DAVIS.

JENKINS, P. J. This is an action for damages against a corporation for an assault and battery by its alleged agent upon the plaintiff. Plaintiff alleged that the defendant, through its superintendent and other laborers, was proceeding to construct wire fencing upon property owned and possessed by plaintiff, and after the defendant had been notified in writing of the plaintiff's title and possession; that when the plaintiff attempted to cut the wire, this agent and superintendent, without excuse or provocation, struck the plaintiff upon the hip with a club-axe, felling him to the ground, and, when the plaintiff attempted to rise, again struck him with the axe, splitting open his face and otherwise injuring him, so that he was rendered unconscious; and that this agent repeated the assault while the plaintiff was on the ground, in a helpless condition, by kicking him and striking him on the body with a hammer. The plaintiff and the defendant corporation both offered evidence tending to show title in themselves to the property in question. The defendant sought to disclaim any agency on the part of the person committing the assault, but only on the theory that, while the fencing was being done upon property claimed by the corporation, it was for and on behalf of two of the corporate officers as individuals. The testimony for the plaintiff fully sustained his allegations; and there was uncontroverted evidence that after he had been felled to the ground and was lying in a helpless condition, the alleged agent renewed the battery by striking the plaintiff with a hammer and kicking him. A verdict in the amount of $500 was rendered in favor of the plaintiff. The defendant excepts to the overruling of its motion for a new trial. *Held:*

1. "Declarations of an alleged agent are not by themselves admissible to prove agency, but it may be established by proving circumstances, apparent relations, and the conduct of the parties; and where the extraneous circumstances, independently of and without regard to the declarations of the agent himself, clearly tend to establish the fact of his agency, his declarations, though inadmissible if standing alone, may, as a part of the res gestæ of the transaction, be considered." *Collier* v. *Schoenberg*, 26 *Ga. App.* 496 (106 S. E. 581). The record discloses certain direct and positive evidence, as well as facts and circumstances, under which the declaration of the alleged agent was admissible, and from which the jury was fully authorized to find such agency.

2. The defendant, as well as the plaintiff, introduced in evidence its muniments of title; but irrespective of whether under these circumstances the defendant can be heard to complain of such evidence in behalf of the plaintiff, the question is controlled adversely to the defendant by the ruling of this court in *Zoucks* v. *State*, 19 *Ga. App.* 744 (3) (92 S. E. 228). Likewise, for a similar reason and as a circumstance affecting the right and amount of punitive damages, the letter written by plaintiff to defendant prior to the injury, in which he informed it of his claim of title and possession of the land on which the assault was committed, was admissible; nor was it inadmissible on the ground that there was no proof of its receipt by defendant before the injury, since

it was shown to have been properly mailed in time to have been duly received before the alleged agent attempted to fence the land. *Hamilton* v. *Stewart*, 108 *Ga.* 472, 476; (34 S. E. 123) *Rowntree* v. *Bush*, 28 *Ga. App.* 376 (111 S. E. 217), and cases cited.

3. The remaining assignments of error, including the exceptions taken upon the instructions of the court and the failure to charge as requested by the defendant, are without merit; and, as we view the record, not only was the verdict for the plaintiff authorized, but under the evidence submitted a verdict in his favor was demanded.

*Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED MARCH 20, 1922.

Action for damages; from McIntosh superior court — Judge Sheppard. May 24, 1921.

*Travis & Travis,* for plaintiff in error.

*Edwin A. Cohen,* contra.