Before STATE INDUSTRIAL BOARD, Respondent.

PETER REED, Claimant, Respondent, *v.* MAPSTONE BROTHERS and Another, Appellants.

Third Department, June 19, 1923.

Workmen's compensation — claimant, employed by partnership, was injured while working at residence of one of partners — accident did not arise out of employment covered by policy — carrier by accepting premium not estopped under Workmen's Compensation Law, § 3, group 19, and § 55.

A policy of workmen's compensation insurance does not cover an accident to an employee of a partnership, where it appears that the policy purported to cover employees of the partnership only, and that the accident occurred while the claimant was working at the residence of one of the partners on work not connected with the partnership business.

The carrier by accepting the premium was not estopped by virtue of section 3, group 19, and section 55 of the Workmen's Compensation Law, from showing that the accident did not arise out of the employment covered by the policy.

APPEAL by the defendants, Mapstone Brothers and another, from an award of the State Industrial Board, made on the 20th day of November, 1922.

The policy of insurance contains the following: " This agreement shall apply to such injuries sustained by any person or persons employed by this employer whose entire remuneration shall be included in the total actual remuneration for which provision is hereinafter made, upon which remuneration the premium for this policy is to be computed and adjusted, * * *. This agreement shall apply to such injuries so sustained by reason of the business operations described in said declarations which, for the purpose of this insurance, shall include all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the work places defined and described

in said declarations or elsewhere in connection with, or in relation to, such work places." And in the declarations, item 1 is: " Name of this employer William Mapstone and Edward Mapstone, doing business as Mapstone Brothers, P. O. Address 826 E. Genesee St., Syracuse, New York." Item 3: " Locations of all factories, shops, yards, buildings, premises or other workplaces of this employer, by Town or City, with Street and Number 826 E. Genesee St., Syracuse, New York. All business operations, including the operative management and superintendence thereof, conducted at or from the locations and premises defined above as declared in each instance by a disclosure of estimated remuneration of employees under such of the following Divisions as are undertaken by this Employer. 1. All industrial operations upon the premises. 2. All office forces. 3. All repairs or alterations to premises. 4. Specially rated operations on the premises. 5. Operations not on the premises." And under classification of operations, " Marketmen — wholesale or retail including dealers in meats (no slaughtering or rendering) poultry (including killing of same) and fish." Item 4: " The foregoing enumeration and description of employees include all persons employed in the service of this Employer in connection with the business operations above described to whom remuneration of any nature in consideration of service is paid, allowed or due together with an estimate for the Policy Period of all such remuneration." Again: " This Employer is conducting no other business operations at this or any other location not herein disclosed."

*F. J. O' Neill* [*Barnett Cohen* of counsel], for the appellants.

*Carl Sherman*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

VAN KIRK, J.:

The claimant was working for Mapstone Brothers, doing a retail grocery and meat business as copartners and employing six or seven employees. (See Workmen's Compensation Law of 1922, § 3, subd. 1, groups 14, 18.) He was employed as a handy man to " clean up around," and was paid one dollar a day of ten hours. On the day he received his injury, August 2, 1922, he was sent by one of the partners to his residence to put in a window glass; and, while so doing, he fell from a stepladder. The employers' business place was on East Genesee street; the residence where he was injured was on University avenue.

The question presented is: Did the accident arise out of the employment covered by the policy? The employer carried no insurance for compensation to employees, except " the help at

the store." The insurance contract covers only the employer's business and services incidental thereto. The individuals composing the partnership are not insured, nor is any business or occupation of the members of the copartnership as individuals covered. It appears that, while claimant was employed in the grocery and meat business, at times one of the partners sent claimant to his residence to do work there, which work was entirely separate from and disconnected with the copartnership business, and for which service the claimant received no additional compensation. While his wages were included in the payroll of the partnership business, from which the carrier adjusted the insurance premiums, nothing indicated to the carrier that these wages could cover any other employment than is specified in the policy.

The referee held that, under section 3, groups 15, 17 and 19, and section 55 of the Workmen's Compensation Law, this claimant was engaged in an occupation for which the carrier had accepted a premium and, therefore, the question of coverage cannot be contested.

Section 3 of the Workmen's Compensation Law sets forth the hazardous employments. Groups 15 and 17 apparently have no application to this case. Group 19 contains the following: " An employer may bring an employment that is not listed in this section within the coverage of this chapter by securing compensation to his employee or employees engaged in such employment in accordance with section fifty of this chapter." Section 50 provides how an employer may secure compensation to his employees. Section 55 is as follows: " Acceptance of premium by carrier an estoppel. Acceptance of a premium on a policy securing to an employee compensation, either alone or in connection with other insurance, shall estop the carrier so accepting from pleading that the employment of such employee is not a hazardous employment or the employment is not carried on for pecuniary gain." (This latter section was added to the act by chapter 615 of the Laws of 1922, which was enacted April 13, 1922, to take effect July 1, 1922, and whereby the entire statute was revised. The policy is dated June 30, 1922.) Under these sections an employer may secure compensation to his employees engaged in any occupation, whether or not defined in the act as hazardous; and, whenever a carrier has accepted a premium securing compensation to the employee, the carrier shall be estopped from pleading that the employment is not hazardous, also from pleading that the employment is not carried on for pecuniary gain. The above sections, however, leave open the question presented in this case.

49

The carrier may defend upon the ground that it had no policy outstanding covering the employment in which the injury was incurred. (*Matter of Skoczlois* v. *Vinocour*, 221 N. Y. 276.) In this case the claimant when injured was not working for Mapstone Brothers; the employment in which he was then engaged was not an employment covered by the contract of insurance; nor had the carrier accepted a premium on a policy securing the claimant compensation while engaged in the employment in which he was injured. (See, also, Workmen's Compensation Law of 1922, § 3, subd. 1, group 2.)

The award should be reversed and the claim dismissed.

H. T. KELLOGG, Acting P. J., HINMAN and HASBROUCK, JJ., concur.

Award reversed, and claim as against Royal Indemnity Company dismissed, and matter remitted to the State Industrial Board to take proof upon the question whether while working for the individual partner the claimant remained in the service of the partnership so as to subject the partnership to separate liability