Before STATE INDUSTRIAL BOARD, Respondent.

KRISTENSE JAABECK, Claimant, Respondent, *v.* THEODORE A. CRANE'S SONS COMPANY and Another, Appellants.

Third Department, November 15, 1923.

**Workmen's compensation — accident occurred while employee was working on residence of manager of employer — employment was not covered by insurance policy — carrier may defend separately on that ground — general employer is liable.**

A policy of workmen's compensation insurance covering the shipbuilding and dry dock works of the insured as well as all work connected therewith and incidental thereto does not cover an employee of the insured while he is working on the private residence of the manager of the insured at the direction of its foreman, and the insurance carrier may defend separately on the ground that the policy did not cover the employment in which the injury was suffered.

The general employer may be held liable for compensation though at the time of the injury the employee is in the special employ of the manager of the employer engaged in doing work on the manager's residence, and in order to hold the general employer liable it is not necessary that the work for the special employer shall be incidental to the business of the general employer or that it shall be in a business for pecuniary gain.

COCHRANE, P. J., dissents in part.

APPEAL by the defendants, Theodore A. Crane's Sons Company and another, from an award of the State Industrial Board, made on the 21st day of November, 1922.

*Frank J. O'Neill* [*Barnett Cohen* and *George W. McKenzie* of counsel], for the appellants.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel] for the respondent State Industrial Board.

*Harold L. Warner,* for the claimant, respondent.

VAN KIRK, J.:

The deceased, Bernt Eriksen Jaabeck, had been in the employ of Theodore A. Crane's Sons Company as a carpenter for a considerable time. This employer was engaged in the building and repairing of ships and was fully equipped for such work. Wilbur Crane was neither an officer, director nor stockholder of the company, but was its manager, working for a salary. He was in 1921 making repairs and improvements upon his house, 1711 Newkirk avenue, Brooklyn, putting up an extension and a sun-parlor. Beginning as early as January, 1921, they were getting out materials and fashioning the timbers and lumber for the frames, windows, etc., at the plant of the company. During this period the deceased was

on the payroll. From the week ending March 16, 1921, to the week beginning June 2, 1921, the deceased was not on the payroll of the company. During this time he was working at Wilbur Crane's home and was paid for his services by Wilbur Crane, not by the company. The business week of the company, as time was kept, ended on Wednesday of each week. Although still working at the home of Wilbur Crane he was restored to the payroll of the company Thursday, June second, and worked Thursday, Friday, Saturday and the following Monday. On Tuesday morning, June seventh, shortly after eight, while moving a ladder at Wilbur Crane's house, he tripped on a rope or string, fell, broke his arm, and later died as a result of this injury. At the time the work he was doing at Wilbur Crane's house was nearly completed. There were some odds and ends to be looked after and the tools and equipment which had been furnished by the company were to be gotten together, to be taken back to the plant by the truckman. The Industrial Board has found that on June 7, 1921, while the deceased was working for his employer (the company) at No. 1711 Newkirk avenue, where " he was directed to go by the foreman for Theodore Crane's Sons Company, to do carpentry work at and about the porch of the residence of Mr. Wilbur Crane, he tripped over a cord on the lawn thereat, whereupon he sustained injuries; " that at the time " he was on the payroll of Theodore A. Crane's Sons Company, and had received specific instructions from the foreman of said company to perform the carpentry work in which he was engaged."

Two questions are raised: *First*, was the deceased, at the time he was injured, engaged in an employment covered by the policy of the carrier? The policy covered the shipbuilding and drydock works of this employer, as well as all work connected therewith and incidental thereto. But the company did no work upon private residences and the policy did not cover such work. The insurance carrier may defend separately on the ground that its outstanding policy did not cover the employment in which the injury was suffered. (*Matter of Cheesman*, 236 N. Y. 47; *Reed* v. *Mapstone Brothers*, 205 App. Div. 767.)

The second question is whether or not the employer may be held. At the time the accident occurred, the deceased was upon the payroll and had been for four days. The employer paid to the widow the deceased's wages for these four days. He went to do this work under the direction of his foreman at the company's plant. Theodore A. Crane's Sons Company was the general employer of the deceased, but he had been let by it into the service of another. He was still the employee of this company; he was

at one and the same time the employee of this company and of his special employer, Wilbur Crane; and either the general or the special employer may be held for compensation. (*Matter of Dale* v. *Saunders Bros.*, 218 N. Y. 59; *Matter of De Noyer* v. *Cavanaugh,* 221 id. 273.) To render the employer liable for compensation, it is not necessary that the work for the special employer shall be incidental to the business of the general employer. Where the business of the general employer is hazardous, all of his employees are covered. (*Ward & Gow* v. *Krinsky,* 259 U. S. 503.) Nor is it essential that the work being done for the special employer should be in a business for pecuniary gain. (*Matter of Dale* v. *Saunders Bros., supra.*) The deceased was working for Theodore A. Crane's Sons Company as a carpenter in a hazardous business carried on for pecuniary gain and he was working as a carpenter in the place to which he was sent by his general employer when he suffered his accidental injury which arose out of and in the course of this employment. (Cases above cited.)

The award should be reversed and the claim dismissed as against the carrier, but should be affirmed as against the employer, Theodore A. Crane's Sons Company.

H. T. KELLOGG, HINMAN and HASBROUCK, JJ., concur; COCHRANE, P. J., dissents as to the insurance carrier.

Award reversed and claim dismissed as to the insurance carrier. Award affirmed as to the employer, without costs.