14618.  COLT COMPANY *v.* WHEELER.

BELL, J.  1. The court did not err in failing to charge, without a timely written request, the law applicable to certain issues which were only collaterally involved.  *Bishop* v. *Georgia National Bank,* 13 *Ga. App.* 38 (4)  (78 S. E. 947) ; *Branch* v. *Bishop,* 135 *Ga.* 110 (2)  (68 S. E. 1021).

2. In one of the grounds of the motion for a new trial it appears that an objection to a question propounded to a witness was sustained before the witness answered.  Another question was asked and answered as follows:  "Q.  Have you got a plant of the same kind?  A.  Yes, sir."  The answer was excluded, on motion.  It does not appear wherein the answer to this question would have been material to the party offering it, or that he was prejudiced by its exclusion.  The assignment of error upon the refusal of the court to allow the witness to answer the first question is imperfect, in not alleging what answer was expected.  *Southern Railway Co.* v. *Wright,* 6 *Ga. App.* 172 (3)  (64 S. E. 702).

3. A breach of warranty, express or implied, in the sale of personalty gives the purchaser the right to damages (Civil Code of 1910, § 4136), the measure of which is the difference between the contract price and the actual value of the goods at the time and place of delivery.  *Oxford Knitting Mills* v. *Wooldridge,* 6 *Ga. App.* 301 (1)  (64 S. E. 1008) ; *Americus Grocery Co.* v. *Brackett,* 119 *Ga.* 489 (5)  (46 S. E. 657) ; *Springer* v. *Indianapolis Brewing Co.,* 126 *Ga.* 321 (2)  (55 S. E. 53).

4. A plea of total failure of consideration to a suit for the contract price of certain articles is not supported when the evidence fails to show that the articles were entirely worthless.  *Hardee* v. *Carter,* 94 *Ga.* 482 (1)  (19 S. E. 715) ; *Clegg-Ray Co.* v. *Indiana Scale Co.,* 125 *Ga.* 558 (54 S. E. 538).

5. "The admission or declaration of an agent, when acting within the scope of his authority, is to be considered as the admission or declaration of his principal.  *Williams* v. *Kelsey,* 6 *Ga.* 365 (1), 373; *Krogg* v. *Atlanta & West Point Railroad,* 77 *Ga.* 202; 1 Michie's Dig. Ga. R. 293; *Cable Co.* v. *Walker,* 127 *Ga.* 65 (56 S. E. 108) ; Civil Code (1910), § 5779."  *Chero-Cola Bottling Co.* v. *Southern Express Co.,* 29 *Ga. App.* 656 (3)  (116 S. E. 325).  But before the declarations are admissible some proof of the agency should be submitted.  Agency may be established by circumstances, apparent relations, and the conduct of the parties; and where the extraneous circumstances, independently of and without regard to the declarations of the alleged agent himself, clearly tend to establish the fact of his agency, his declarations may then be admitted and considered as a part of the res gestæ of the transaction; but the declarations of an alleged agent when standing alone are never ad-

missible to prove his agency. *Georgia Land Co.* v. *Davis,* 28 *Ga. App.* 398 (1) (111 S. E. 219). "The declarations of an alleged agent, though made dum fervet opus, are not admissible to prove his agency." *Franklin County Lumber Co.* v. *Grady County,* 133 *Ga.* 557 (1) (66 S. E. 264). Measured by these rules, there was no proof whatever in this case of the agency of an alleged agent whose declarations that the property was worthless were admitted in evidence over appropriate objection of the plaintiff, and the admission of this evidence was error.

6. This was an action for the purchase price of an apparatus sold for a lighting system. The jury rendered a general verdict in favor of the defendant, upon a plea of total failure of consideration. The only warranty involved was that the apparatus was "thoroughly durable . . , automatic in action, and of good material and workmanship." There was some evidence to authorize the inference of a breach of the warranty, and further that the property was worthless, but because of the error noted in the preceding paragraph, the court erred in overruling the plaintiff's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 10, 1923.

Complaint; from Cherokee superior court—Judge Blair. April 7, 1923.

*Brooke & Henderson,* for plaintiff.

*Wood & Vandiviere,* for defendant.