21205. TAYLOR *v.* LUMBERMEN'S MUTUAL CASUALTY CO. *et al.*

Decided May 12, 1931.

*Maddox, Sapp & Maddox, James C. Davis,* for plaintiff.

*Finley & Henson, Underwood, Haas & Gambrell, R. Emerson Gardner,* for defendants.

Luke, J. J. C. Taylor, upon application to the industrial commission of Georgia, was awarded compensation for an injury sustained in connection with the operation of a portable sawmill owned by J. W. Starr & Sons. The hearing was conducted before a single commissioner, whose judgment was affirmed by the full commission; but on appeal to the superior court of Bartow county, the judgment was reversed and set aside, and a final judgment entered in favor of J. W. Starr & Sons, employer, and Lumbermen's Mutual Casualty Co., insurer. Error is assigned on the judgment

of the superior court. There are two questions presented by the record: (a) whether the claimant was an employee of J. W. Starr & Sons within the meaning of the workmen's compensation act; and (b) whether the operation of the portable sawmill, out of which the injury arose, was covered by the insurance.

The finding of the industrial commission was as follows: "The commissioner finds as a matter of fact that J. C. Taylor was an employee of J. W. Starr & Sons, and that on September 10, 1929, while engaged in their services, he was injured by accident arising out of and in the course of his employment. As a result of said injuries he was temporarily disabled for a period of more than ten weeks, and as a result of said injuries he lost his left arm, and is therefore entitled to compensation under the provisions of sec. 32, subsec. (m) for a total loss of the arm and ten weeks temporary total disability at the rate of $7.50 per week, his wages at the time being $15 a week. In addition to the above, the commissioner finds that he is entitled to reimbursement of $100 medical expenses incurred during the first thirty days following his injury. Since the commissioner finds that Mr. Bill Taylor was an employee of J. W. Starr & Sons, and not an independent contractor, and that Mr. J. C. Taylor was an employee of J. W. Starr & Sons, and the employer in this case admitted that he had complied with the provisions of the compensation act by taking out compensation insurance on certain parts of his lumber business, the commissioner holds that an employer can not be partially within the act and partially outside, if his business is the same. Sec. 66 of the compensation act requires that employers must fully insure and keep fully insured, unless otherwise permitted by the industrial commission. No such permit had been given the defendants in this case. J. W. Starr & Sons was insured in the Lumbermen's Mutual Casualty Company, and under the terms of said contract of insurance the insurer is liable for injuries sustained by any employee of J. W. Starr & Sons who sustains injuries by accident arising out of and in the course of the employment and if the employee is in the performance of his duties in connection with the business of the employer for which the insurance policy was issued; and, since the commissioner finds that J. W. Starr & Sons are the employer and they have an insurance policy covering their employees, it is immaterial whether or not the insurance carrier collected a pre-

mium on this particular part of the business. The fact that the Lumbermen's Mutual Casualty Company did not collect a premium on all the operations of J. W. Starr & Sons would not relieve them in this case from the liability for the payment of compensation to an injured workman who was engaged in the services of J. W. Starr & Sons in connection with the carrying out of their lumber business. An award is therefore made against J. W. Starr & Sons, employer, and/or the Lumbermen's Mutual Casualty Company, insurer, for the payment of compensation found to be due the injured employee under the provisions of sec. 32 of the act."

The grounds upon which this award was reversed and set aside by the superior court of Bartow County were as follows: "That there is not sufficient competent evidence in the record to warrant the industrial commission in making the order or decree complained of; that the order or decree is contrary to law; that the facts found by the industrial commission do not support the order or decree entered against Lumbermen's Mutual Casualty Company for the reason that the evidence introduced shows no coverage by said Lumbermen's Mutual Casualty Company of the operation out of which the injury arose, but expressly negatives such coverage."

Upon the question whether there was sufficient competent evidence to warrant the finding of the commission that the claimant was an employee of J. W. Starr & Sons, and not of an independent contractor, we think it unnecessary to look beyond the testimony of D. H. Starr, who testified that he operated at White, Ga., as J. W. Starr & Sons; that Mr. Bill Taylor operated the portable sawmill for him under a verbal contract "on a per thousand basis;" that Taylor employed his own men; that "he is instructed to carry as many as ten or he has to carry insurance;" that it requires "not even seven men to run the mill;" that his company operates fifteen or sixteen mills at the present time in the White district; that "We show work to be done," indicate the territory for the operation, and, when that is finished, where to go again; that they have a general supervision and control over the mill, telling the logger what to do, but have nothing to do with the labor; that, as the reason for not reducing the contract to writing, "in the first place, if you have a contract to cover a period of time or a certain period of work, it is a great deal more trouble to get rid of the contract

than it would be if a verbal agreement, and all we tell is, 'If your work satisfies, you have the job, and if not, you go.' "

Certainly, as we think, in ordinary circumstances, a subcontractor is not usually held by such slender tentacles as the testimony of Mr. Starr has indicated was the case in the present instance. His reservation of the power to discharge the man in charge of the operation of the portable mill in case his work did not satisfy his principal was in effect a right to discharge all the laborers and other employees of the mill. In other particulars Mr. Starr seems to have had and exercised an immediate control and supervision of the mill. We are not in accord with the view of the learned judge of the superior court that the competent evidence was not sufficient to warrant the finding of the commission. See *Davis* v. *Starrett,* 39 *Ga. App.* 422 (147 S. E. 530).

Upon the other phase of the case—that of the liability of the insurer—we adopt the view of the commission. We are of the opinion that the terms of the insurance policy were correctly interpreted and the provisions of the compensation act properly applied.

Therefore, we hold that the superior court erred in reversing and setting aside the award of the industrial commission, and in rendering judgment in favor of the employer and insurer. Let the judgment of the superior court be reversed and set aside, and that of the industrial commission be reinstated.

*Judgment reversed.* *Broyles, C. J., and Bloodworth, J., concur.*