[Civ. No. 9938. Second Appellate District, Division Two.—December 31, 1934.]

NATIONAL AUTOMOBILE INSURANCE COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, ELMER E. SMITH et al., Respondents.

C. W. Bowers for Petitioner.

Everett A. Corten for Respondents.

STEPHENS, P. J.—Respondent Keller operated a hardware business and petitioner was insurance carrier of compensation coverage for the employees of that business. Respondent Smith worked for Keller and was injured while carrying out his employer's orders. ▮ Petitioner contends that its policy of insurance did not render it liable because Smith was hurt while doing work outside of the hardware business and not covered by the policy. Respondent commission found that "at said time said employer's insurance carrier was the defendant National Auto Insur-

ance Company, a corporation''. We construe this finding to mean that petitioner's policy covered the injury here in question.

Keller was owner of a truck and trailer which was used by one Hight, not an employee in the hardware business, on a commission basis. The latter made a contract with a third party to haul a load of lumber, and while so engaged the truck driven by Hight broke down. Keller told Smith to take a light truck and tow the other truck to Hight's home. During the towing operation the light truck driven by Smith went off the road, injuring him.

It is conceded that the insurance policy covered only the hardware business. There was no evidence upon which respondent commission could predicate a finding that the employee was doing work in connection with the hardware business when injured, and petitioner is therefore not liable. (*Western Indemnity Co.* v. *Industrial Acc. Com.,* 43 Cal. App. 487 [185 Pac. 306].)

Award annulled as to petitioner.

Crail, J., concurred.