29799. HARDWARE MUTUAL CASUALTY COMPANY *v.* COLLIER *et al.*

DECIDED MARCH 10, 1943. REHEARING DENIED MARCH 30, 1943.

*Neely, Marshall & Greene,* for plaintiff in error.

*John H. Hudson, C. W. Peebles, A. M. Kelly, Pat Campbell,* contra.

GARDNER, J. ■ The major issue is: Does the insurance policy issued on January 5, 1941, specifying the gas and oil business, cover the subsequently acquired cotton-gin employees? It is undisputed that at the time the policy was issued the employer did not have as many as ten employees in the gas and oil business, and that after the purchase of the cotton-gin eight months thereafter he did not have as many as ten employees at both the gas and oil business and the cotton-gin business. The employer, by doing so, voluntarily elected to be bound by the ·provisions of the workmen's compensation act under the Code, § 114-107, in the gas and oil business. It is contended by the claimant that since the employer elected to be bound as to the gas and oil business, he was likewise bound as to the cotton-gin business, and therefore the carrier was liable. In this connection it is contended that this Code section, under the amendment of 1933 to § 114-607, estops the employer to deny liability under the facts of the instant case. That portion of § 114-607 reads: "A policy of insurance issued under this Title shall always first be construed as an agreement to pay compensation; and an insurer who issues a policy of compensation insurance to an .employer not subject to this Title shall not plead as a defense that the employer is not subject to the Title; and an insurer who issues, to an employer subject to this Title a policy of compensation insurance covering an·employee or employees ordinarily exempt from its provisions shall not plead the exemption as a defense. In either case compensation shall be paid to an injured employee or to the dependents of a deceased employee for a compensable accident as if the employer and/or the employee were subject to this Title, the policy of compensation insurance constituting a definite contract between all parties concerned." This court held, in *Maryland Casualty Co.* v. *Sanders,* 49 *Ga. App.* 600 (5) (176 S. E. 104): "The

act of 1933 does not impair the contractual relations fixed in the policy of insurance between the insurance carrier and the employer. It has the effect only of placing upon the insurance carrier an estoppel to plead as a defense that the employer is not subject to the act."

It follows that the carrier was not estopped to urge that the insurance policy did not cover the subsequently-acquired cotton-gin business. We think this is dependent on whether, under the facts of this case, the cotton-gin business was a business different from the gas and oil business, or whether the subsequent acquisition of the cotton-gin business was only an extension or enlargement of the gas and oil business. We think they were separate and distinct businesses. It is well established that an employer can not be partially outside of the workmen's compensation act and partially within the act as to the same business. In *Taylor* v. *Lumbermen's Mutual Casualty Co.*, 43 *Ga. App.* 292 (158 S. E. 623), this court approved an award of the Industrial Board partially as follows: "The commissioner holds that an employer can not be partially within the act and partially outside, if the business is the same." The facts of the *Taylor* case were that the employer owned fifteen or sixteen sawmills, and obtained a policy covering some of them. The ruling of this court was to the effect that the insurance policy covered all of the sawmills, because they all constituted the same business. We find also in the Code, § 114-107, that the act does not apply to any person who has regularly less than ten employees "in the same business." It seems clear to us that both the statute and the decisions are based on the principle that a policy of insurance issued under the act covers only the business specified in the policy and an enlargement and extension of the same business, and does not cover a subsequently-acquired distinct and separate business which is not operated in connection with and as a part of the business contemplated by the terms of the policy at the time it is issued.

It is conceded that this court has not had a case with facts altogether similar to those of the instant case; yet in our opinion this court has passed on a case very similar in facts and involving the same principle. In *Carswell* v. *Woodward*, 38 *Ga. App.* 152 (142 S. E. 907), this court had a situation where the employer operated a store, a cotton-gin, a planing-mill and sawmills. Employed in

the planing-mill and saw-mill were more than ten employees. In the cotton-gin less than ten employees were employed. The planing-mill and cotton-gin were owned and controlled by the same persons, and each was operated with power from the same plant. An injury occurred to an employee of the cotton-gin. The claimant sought to invoke the provisions of the workmen's compensation act. The court held that such provisions did not apply, for the reason that the cotton-gin business was not the same business as the planing-mill business, within the meaning of section 15 of the act (Code, § 114-107). It is true that the facts in that case were in some particulars dissimilar to the case at bar. However, it would seem that the principle as to whether or not they were the same business is applicable alike to both cases. It is contended that since the bookkeeper and the pick-up truck-driver were employed at different times in the gas and oil business and in the cotton-gin business, it would lead to confusion to hold that they were not the same business; for, it is argued, if the bookkeeper or the pick-up truck driver had been injured while rendering services in connection with the cotton-gin business, confusion would result. This question is not before us, and what we might say concerning it would be beside the question except in so far as it may illustrate that the businesses are not the same. In passing we might state, however, that for an employee to be entitled to compensation under the act, the injury must occur within and grow out of his employment.

What we have stated and ruled as to the principle under discussion is not new. It has been established previously by many jurisdictions in States with statutes similar to ours. See 71 C. J. 910: "An employer who conducts two wholly separate and distinct kinds of business can become a subscriber as to one business without insuring his employees in the different and distinct business." 71 C. J. 913: "The coverage of an insurance company does not include employees injured in performing work not included in the policy." In National Automobile Insurance Co. v. Industrial Accident Commission, 3 Cal. App. 2d, 410 (39 Pac. 2d, 477), the court held: "Where an employer operated a hardware business and owned a truck which was used on a commission basis by a person who was not an employee in the hardware business, and who was hauling lumber under a contract with a third person when the

truck broke down, and the employee was injured while towing the truck under the employer's orders, there was no evidence to justify a finding that the employee was doing work in connection with the hardware business when he was injured, and that the insurer was not liable on a policy covering only the hardware business." In Barron *v.* Standard Accident Co., 122 Tex. 179 (53 S. W. 2d, 769), it was held that a compensation policy which had been issued to cover employees in one business, and expressly excluded employees in a distinct business, did not cover employees in both businesses. In New Amsterdam Casualty Co. *v.* Hosch (Tex. Civ. App.) 78 S. W. 2d, 633, it was held that an employer who had been conducting two different kinds of business, each involving different risks, pay-rolls, and premium rates, might elect to insure the employees in one business and not those in the other, and in such case the terms of the coverage in the policy were controlling. In Georgia Casualty Co. *v.* Fort Wayne, 82 Ind. App. 397 (145 N. E. 284), it was held that where a compensation policy issued to the park board of the city expressly stated that the kind of business of the insured was trees, pruning, spraying, repairing, and trimming only, it did not cover the employees of the board who were not enumerated. See also Bayer *v.* Bayer, 191 Mich. 423 (158 N. W. 109); Reed *v.* Mapstone, 205 App. Div. 767 (200 N. Y. Supp. 304).

■ It is contended by the claimant that after the purchase of the cotton-gin by the employer he had a conversation with the agent of the carrier, which resulted in an understanding between them that the provisions of the policy were to include the employees of the subsequently-acquired cotton-gin business. Under the terms of the policy, as set forth in the facts hereinabove, the agent was without authority to bind the carrier by any such arrangement, if indeed the evidence sustains as a fact that it was made. *Gainous v. Georgia Casualty Co.,* 34 Ga. App. 562 (130 S. E. 540).

■ The contention of the claimant that since the carrier mailed the employer a general form for the purpose of submitting the number of employees used in the business of the employer, in order to arrive at the correct amount of the premiums, the carrier was estopped to deny liability, is without merit. Under the facts of this case this conduct will be interpreted to mean that the form was sent for the purpose of submitting the number of employees used in the gas and oil business; this information being necessary,

under the policy and the law, to determine whether the estimated advance premium was the correct remuneration for carriage of the policy. It will not be construed to mean an invitation to the employer to include therein employees in the cotton-gin business, which was a different business.

■ It appears from the evidence that in 1938 the employer had the gas and oil business insured in another company which had no connection with the carrier in the instant case. It was admitted, over the objection of the carrier, that the company then insuring the business of the employer submitted a premium to cover employees engaged in a business other than the gas and oil business. The purpose of this testimony was to establish in the instant case a custom by implication that would become a part of the contract of insurance, thereby extending the coverage of the provisions of the policy to take in the employees of the cotton-gin business. This contention, in our view, is without merit, and we will not discuss it at length. It would seem that Code, § 20-704(3) is sufficient: "The custom of any business or trade shall be binding only when it is of such universal practice as to justify the conclusion that it became, by implication, a part of the contract." See *American Mutual Liability Insurance Co.* v. *Curry,* 187 *Ga.* 342, 357 (200 S. E. 150). In view of this authority, and many others, such an isolated instance is not sufficient to establish a custom of the trade.

■ It is urged that after the deceased was injured and died, the claim agent of the carrier, at the instance of the employer, visited the premises of the cotton-gin, and there, in the presence of the employer, the doctor, and the claimant, admitted that the carrier was liable, and that compensation would be paid. The evidence showed that this agent had authority to adjust and settle claims for the carrier. It is elementary that no agent has authority to bind his principal outside of the scope of his authority, unless the principal ratifies such unauthorized act. Conceding that the agent of the carrier was authorized to adjust claims, his authority was confined to claims arising under the coverage of the insurance contract. The fact that the agent was authorized to bind the carrier in the adjustment of a claim of the gas and oil business, covered by the terms of the policy, would not authorize him to adjust a claim and bind the carrier by an admission concerning a distinct and separate business not included in the coverage of the policy.

Conceding that the agent did make the admissions which the evidence authorized the director to find that he did make, he was unauthorized to bind the carrier. There is no evidence that the carrier ratified such admissions or declarations. To hold otherwise would in effect authorize such an agent to make new contracts of insurance and bind the carrier thereby. See *Burnett* v. *Lewis,* 40 *Ga. App.* 525 (150 S. E. 462); *Central of Georgia Railway Co.* v. *Americus Construction Co.,* 133 *Ga.* 392 (65 S. E. 855); *Colt Co.* v. *Wheeler,* 31 *Ga. App.* 427 (120 S. E. 792); Code, § 38-406; 10 Ga. Dig. (West) 198. We find no merit in this contention.

In conclusion, the policy of insurance did not cover the subsequently-acquired cotton-gin business; and there is nothing else in the record which would authorize a judgment against the carrier in favor of the widow of the deceased. The superior court erred in sustaining the award of the Industrial Board. The case is remanded for further disposition in accordance herewith.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*